**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARISSA GIANNERINI,

        Plaintiff,

v.                                       Case No: 6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

        Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (Doc. No. 36)**
>
> **FILED:** August 16, 2023
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.    BACKGROUND.**

On November 9, 2022, Plaintiff Marissa Giannerini initiated this action against her former employer, Defendant Embry-Riddle Aeronautical University,

Inc., alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* (the "Rehabilitation Act"), Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000(e) ("Title VII") and the Florida Civil Rights Act of 1992, Florida Statutes §§ 760.01 ("FCRA").  Doc. No. 1.  In sum, Plaintiff alleges that she worked for Defendant from August 2016 through her termination on November 5, 2021, and Defendant discriminated against her based on her disability (bipolar disorder) during her employment and by terminating her employment.  *Id.*  Plaintiff alleges lost wages and benefits, damage to her career and reputation, humiliation, and mental anguish, and she seeks damages to include back pay, lost benefits, front pay, compensatory damages, consequential damages, and punitive damages.  *Id.* at 16, 20, 24, 26.  Defendant has answered the complaint.  Doc. No. 19.  Discovery opened on or around January 10, 2023, *see* Doc. No. 22, Fed. R. Civ. P. 26(d)(1), and the matter has been proceeding in the ordinary course.

As relevant to the present dispute, on June 16, 2023, Defendant issued a Notice of Intent to Serve Subpoenas for Documents, providing notice that it intended to serve subpoenas on six prior or interim employers of Plaintiff—Rollins College, Veritas Recruiting Group, Oglethorpe University, Stevenson University, Recruitment Specialists, Inc., and Acton Mobile Industries.  Doc. No. 36-1, at 2.

The subpoenas are nearly identical, each requesting from the respective entity production of the "ENTIRE FILE relating to" Plaintiff, including:

> a. Any and all documents and medical records within your possession, custody, or control, regarding Marissa Giannerini ("Giannerini"), including but not limited to, volunteer terms, volunteer tasks, volunteer hours, volunteer responsibilities, volunteer expectations, communications by any and all means between Giannerini and other employees and any attachments thereto, representations regarding Giannerini's employment with Defendant, agreements, registration forms, acknowledgements, payments, gifts, time records, number of volunteer hours, dates volunteered, screening, training, evaluations, behavioral concerns, reason for separation from volunteer work.
>
> b. The employment history of Giannerini at your organization, including, but not limited to applications for employment, resumes, records of all positions held, job descriptions of positions held; payroll records, W-2 forms, W-4 forms and 1099 forms; performance evaluations and reports of fellow employees; performance; discipline; documents reflecting reason for separation of employment; and attendance records.
>
> c. The medical component of Giannerini's employment history with your organization, including, but not limited to workers' compensation files; all hospital, physician, clinic, infirmary, nurse, psychiatric, psychological, and dental records pertaining to medical or disability claims or work-related accidents, including correspondence; accident reports, injury reports, and incident reports; insurance claim forms; questionnaires and records of payments made; pension records, disability benefit records; and all records regarding participation in company-sponsored health, dental, life, and disability insurance plans.

*Id.* at 8–9, 12–13, 16–17, 20–21, 24–25, 28–29. The date of compliance for the subpoenas was July 25, 2023. *Id.* at 6, 10, 14, 18, 22, 26.[1]

On June 17, 2023, Plaintiff, through counsel, sent an email to defense counsel with objections to the subpoenas. *Id.* at 57–58. Despite these objections, however, two of these subpoenas were still served (Steven University and Recruitment Specialists), and to the extent served, defense counsel stated that these entities would be instructed "to disregard the subpoenas." *Id.* at 53–54, 56–57. The record reflects that the parties continued to confer regarding the propriety of the employer subpoenas from June through August 2023, with defense counsel noting an impasse on this issue on August 9, 2023. *Id.* at 47, 51, 53, 55.

Now, by the above-styled motion filed on August 16, 2023, Plaintiff moves to quash the six employer subpoenas, or alternatively moves for a protective order, arguing that the subpoenas are facially overbroad and seek irrelevant information, and that Defendant can obtain information sought by the subpoenas by other means. Doc. No. 36. In response, Defendant contends that Plaintiff lacks standing to quash the subpoenas, that the motion to quash is untimely, and that the subpoenas seek relevant information proportional to the needs of the case. Doc.

---

[1] Defendant has also served subpoenas on Plaintiff's medical providers, which Plaintiff does not challenge here. *See* Doc. No. 36, at 2 n.1; Doc. No. 40, at 2 n.2. *See also* Doc. No. 36-1, at 30–44.

No. 37. The Court ordered supplemental briefing from the parties, Doc. No. 38, and with receipt of same, Doc. Nos. 40, 42, the matter is ripe for review.

For the reasons discussed herein, Plaintiff's motion (Doc. No. 36) will be granted.

## II. ANALYSIS.

There are three central issues relevant to resolution of this dispute: (1) whether Plaintiff has standing; (2) whether the motion to quash was timely filed; and (3) whether the subpoenas are facially overbroad, seek irrelevant information, or otherwise seek information available by alternative means. Each issue will be addressed in turn.

### A. Standing.

Defendant appears to argue that Plaintiff lacks standing under Federal Rule of Civil Procedure 45 to move to quash the subpoenas because she does not allege a personal right or privilege as to the information sought. Doc. No. 37, at 2. Defendant also appears to argue that Plaintiff lacks standing to seek a protective order under Federal Rule of Civil Procedure 26 because she does not allege "annoyance/embarrassment/oppression/undue burden." *Id.*; Doc. No. 42, at 5.

Putting aside the issue under Rule 45, it is clear that Plaintiff, as a party to this case, has standing to move for a protective order under Rule 26. *See Baptiste v. Centers, Inc.*, No. 5:13-cv-71-Oc-22PRL, 2013 WL 3196758, at *2 (M.D. Fla. June 21,

2013); *United States Equal Emp. Opportunity Comm'n v. Choate Constr. Co., Inc.*, No. 3:08-cv-910-J-34MCR, 2009 WL 10673093, at *2 (M.D. Fla. Feb. 23, 2009); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006). *See also Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information.").

Accordingly, the Court rejects Defendant's arguments that Plaintiff lacks standing, and will consider the present motion as one for a protective order under Rule 26.

B. <u>Timeliness</u>.

Defendant also argues that Plaintiff's motion is untimely because the date of compliance for the subpoenas passed on July 25, 2023, Plaintiff did not file the present motion until August 16, 2023, and Plaintiff "cannot continually raise subpoenas to enlarge time for protection." Doc. No. 37, at 2; Doc. No. 42, at 4. However, upon review of the submissions by the parties, it appears that the parties continued to confer on the issue of the employer subpoenas through August 9, 2023. Doc. No. 37-1, at 47, 51, 53, 55. And although two of the subpoenas issued over Plaintiff's objections, defense counsel stated that these entities would be instructed "to disregard the subpoenas." *Id.* at 53–54, 56–57. Defendant has not argued, and it is not clear from the present record, that the other subpoenas were ever served,

and the record is also unclear as to whether the parties were operating under the belief that these subpoenas were still valid or whether Defendant would be issuing new subpoenas. *E.g.*, *id.* at 47. Thus, it is not even clear whether the date of compliance listed in the subpoenas is valid, and Defendant's suggestion that the already-served subpoenas with an instruction to disregard "was obviously a temporary request based on the parties['] discussions," is unpersuasive absent some sort of evidence to support this statement.

Given that the parties' discussions reflect an impasse on the employer subpoena issue on August 9, 2023, and Plaintiff filed the present motion on August 16, 2023, the Court declines to find Plaintiff's motion untimely on the facts presented. *Cf. Al-Rayes v. Willingham*, No. 3:15-cv-107-J-34JBT, 2016 WL 9527957, at *4 (M.D. Fla. June 22, 2016) ("Because the subject subpoenas seek information outside the scope of Rule 26(b)(1), a protective order regarding both subpoenas is appropriate notwithstanding Plaintiffs' arguments regarding timeliness and standing.").[2]

---

[2] To the extent that Defendant relies on *Bond v. Ripa & Assocs., LLC*, No. 8:08-cv-2056-T-33EAJ, 2009 WL 10670731 (M.D. Fla. July 8, 2009), that decision addressed timeliness with regard to a motion to quash under Rule 45, and did not address timeliness with respect to Rule 26. Moreover, the subpoena at issue in *Bond* was actually served. Based on the facts of this case, and given that the Court considers the present motion under Rule 26, Defendant's reliance on *Bond* is not dispositive. And insofar as Defendant "would request briefing in a short submission" on the timeliness issue, *see* Doc. No. 42, at

C.     Breadth of Subpoenas.

Plaintiff argues that the subpoenas are facially overbroad and seek irrelevant information, and that Defendant can obtain some of the information sought by the subpoenas by other means.   Doc. No. 36, at 2–3; Doc. No. 40, at 6–10.   In response, Defendant contends that Plaintiff's prior and interim employment records are relevant to its defenses of after-acquired evidence, mitigation, Plaintiff's efforts to find work, and Plaintiff's claims for front pay or back pay.   Doc. No. 37, at 1, 3; Doc. No. 42, at 6–10.

Upon review, the Court agrees with Plaintiff that the subpoenas are facially overbroad and encompass potentially irrelevant information.   Plaintiff cites several cases from this District finding similar subpoenas likewise overbroad. Doc. Nos. 36, 40.   *See, e.g.*, *Alvarez v. Lakeland Area Mass Transit Dist.*, No. 8:19-cv-1044-T-33SPF, 2020 WL 13119058, at *1 (M.D. Fla. Feb. 24, 2020) (granting protective order regarding subpoenas to the plaintiff's past employers seeking the plaintiffs' "complete personnel file in the employer's care, possession, or control; any and all work evaluation reports or other data critiquing Plaintiff's performance while in the

---

3, the Court declines to entertain that request, given that the emails which form the basis of the timeliness analysis were submitted with the original motion (Doc. No. 36-1, Ex. B), Defendant has had ample opportunity to submit its own evidence as to timeliness, and the Court has already permitted supplemental briefing on these issues, *see* Doc. No. 38.

employer's employ; performance reviews; work evaluations; disciplinary reports; commendations; grievances; and grievance/disciplinary hearing records," finding the subpoenas overbroad and not proportional to the needs of the case); *Paxton v. Landesk Software, Inc.*, 332 F.R.D. 368, 369 (M.D. Fla. 2019) (granting protective order and quashing subpoenas to five of the plaintiff's prior and current employers, finding that the defendant failed to show how wholesale production of "[a]ll documents related to [the plaintiff's] employment" was relevant or proportional to the needs of the case, noting that the defendant made no attempt to limit the scope of the subpoenas); *Maxwell*, 2006 WL 1627020, at *3–5 (granting protective order regarding subpoenas to six of the plaintiff's prior employers for the plaintiff's entire personnel file on similar facts, finding that although some documents in the personnel files may be discoverable, blanket requests for entire personnel file were overbroad); *Premer v. Corestaff Servs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005) (granting motion for protective order and quashing subpoenas served on the plaintiff's six former employers seeking the plaintiff's "entire personnel and benefit files, records relating to her hiring, termination, performance, any disciplinary action received by her in the course of her employment, compensation, and benefits" as overbroad).  The Court finds this authority persuasive.

Defendant cites only one case from this District suggesting that Plaintiff's employment records are relevant and discoverable.  Doc. No. 42, at 10 (citing

*Baptiste v. Centers, Inc.*, 5:13-cv-71-Oc-22PRL, 2013 WL 3196758 (M.D. Fla. June 21, 2013)). However, in *Baptiste*, after a court-ordered conferral, the defendant narrowed the scope of the documents sought from the plaintiff's former employers to documents related to the plaintiff's performance or performance evaluations; documents related to disciplinary actions or performance improvement plans; documents related to the plaintiff's termination of employment; and documents related to the plaintiff's discrimination complaints. *Baptiste*, 2013 WL 3196758, at *1. Defendant has not done the same here, and continues to seek all information sought by the subpoenas, to include the "ENTIRE FILE relating to" Plaintiff, "[a]ny and all documents and medical records . . . regarding" Plaintiff, all employment history for Plaintiff at the organization, and "[t]he medical component of [Plaintiff's] work." *E.g.*, Doc. No. 36-1, at 24–25. Thus, the Court does not find Defendant's reliance on *Baptiste* persuasive.

In sum, the Court finds that the subpoenas directed to the prior or interim employers, while likely to encompass potentially relevant information, are facially overbroad, and Defendant fails to demonstrate that the subpoenas are proportional to the needs of this case. *See Alvarez*, 2020 WL 13119058, at *1; *Paxton*, 332 F.R.D. at 369; *Maxwell*, 2006 WL 1627020, at *3–5; *Premer*, 232 F.R.D. at 693. *See also Gonzalez v. Springs of Lady Lake ALF, L.L.C.*, No. 8:10-cv-1693-T-17AEP, 2011 WL 13302410, at *2 (M.D. Fla. Mar. 10, 2011) ("Defendant is not justified in conducting such an

- 10 -

expansive search into Plaintiff's employment history without providing the Court with a more substantial reason for its need."). Moreover, as Plaintiff argues, Defendant fails to adequately explain why it cannot obtain the relevant information sought directly from Plaintiff. *See Paxton*, 332 F.R.D. at 369 ("Nor has Defendant sufficiently explained why certain information, such as Plaintiff's current compensation, cannot be obtained directly from Plaintiff."); *Maxwell*, 2006 WL 1627020, at *5 ("Defendant should attempt to obtain as much of the evidence as possible directly from Plaintiff."). Accordingly, Plaintiff's motion for protective order regarding the employer subpoenas is well taken.[3]

## III. CONCLUSION.

For the reasons discussed herein, Plaintiff's Motion to Quash Subpoenas or, in the Alternative, for Protective Order (Doc. No. 36) is **GRANTED** as to the six subpoenas at issue (Doc. No. 36-1, Ex. A).[4]

---

[3] Of course, Defendant would not be precluded from issuing revised subpoenas that are properly limited in scope, upon first attempting to obtain the relevant information from Plaintiff. *See Maxwell*, 2006 WL 1627020, at *5. *See also Baptiste*, 2013 WL 3196758, at *1; *Choate Constr. Co., Inc.*, 2009 WL 10673093, at *4.

[4] The Court notes that for the first time in her supplemental briefing, Plaintiff requests fees and costs for bringing the motion. Doc. No. 40, at 10. The Court declines to award that relief because Plaintiff failed to request it in her motion. *See* Doc. No. 36. *See also Zurich Servs. Corp. v. Pro. Mgmt. Servs. Grp., Inc.*, No. 8:13-cv-1896-T-30AAS, 2016 WL 6695079, at *1 (M.D. Fla. Nov. 15, 2016) (finding issue raised for first time in supplemental briefing waived). Even if she had, the Court would decline to award sanctions in this instance. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

**DONE** and **ORDERED** in Orlando, Florida on September 12, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties