**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARISSA GIANNERINI,

                Plaintiff,

v.                                        Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

                Defendant

---

**ORDER**

    This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**  **PLAINTIFF'S MOTION TO COMPEL AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 39)**
>
> **FILED:**    **August 30, 2023**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

    Plaintiff seeks to compel Defendant to produce documents responsive to her

Requests for Production, which includes documents listed on Defendant's privilege

log.   Doc. No. 39.[1]   Defendant served the privilege log on August 21, 2023.   *Id.* at 5.   In response, Defendant argues, among other things, that Plaintiff failed to conduct a good faith conferral regarding the privilege log prior to filing the motion, in violation of Local Rule 3.01(g).   Doc. No. 41, at 2–3.   Defendant submits in support Plaintiff's counsel "Good Faith Discovery Deficiency Correspondence Concerning Privilege Log" email sent on August 30, 2023 at 11:00 a.m., Doc. No. 41-4, at 1, and the record reflects that Plaintiff filed the motion to compel approximately an hour later—at 12:06 p.m. on the same day.   *See also* Doc. No. 41-4, at 2–3.

Upon consideration, and given Plaintiff's request therefor, Doc. No. 39, at 3, the Court ordered supplemental briefing on the issues raised by the motion and response.   Doc. No. 43.   In her supplemental briefing, Plaintiff does not address Defendant's argument that she failed to comply with Local Rule 3.01(g) and conduct a conferral regarding the privilege log prior to filing the motion.   Doc. No. 45. And in its supplemental briefing, Defendant maintains that Plaintiff failed to conduct a substantive conferral regarding the privilege log.   Doc. No. 46.

The undersigned's Standing Order Regarding Privilege Logs provides, in relevant part:

---

[1] Plaintiff's motion also references Interrogatories in one sentence, but the substance of the motion concerns the Requests for Production and associated privilege log. Doc. No. 39.

> Should the validity of the asserted privileges and protections be challenged, the parties should first engage in a good faith effort to resolve the dispute without court intervention.   *See* Fed. R. Civ. P. 26(c)(1); Local Rule 3.01(g).
>
> . . . .
>
> The Court expects strict adherence to this order.   If the party asserting privilege fails to file a motion for protective order within fourteen (14) days of the good faith conference, the party challenging the assertion of privilege may file a motion to compel.   In the motion to compel, the party challenging the assertion of privilege shall specifically certify that the party asserting privilege failed to file a motion for protective order as required by this order.   Failure to certify the same will result in the denial of a motion to compel with respect to the assertion of privilege.

*See In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1 (June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-regarding-privilege-logs.   *See also* Local Rule 3.01(g).

Upon consideration, given that Plaintiff's motion to compel is premised on the insufficiency of Defendant's privilege log, and based on Defendant's unrefuted assertions that Plaintiff failed to conduct a good faith conferral regarding the privilege log prior to filing the motion, Plaintiff's motion will be **DENIED without prejudice**.   *See id.*   *See also, e.g.*, *Blanco v. Bank of Am., N.A.*, No. 8:17-cv-2626-T-02SPF, 2019 WL 4140944, at *1 (M.D. Fla. Aug. 30, 2019) (denying motion to compel to the extent that it addressed privilege log for failure to comply with Local Rule 3.01(g)).

Prior to filing any renewed motion, Plaintiff *__must__* conduct a substantive good faith conferral with Defendant regarding the privilege log.   Given the tenor of the parties' email communications, such good faith conferral must be conducted **in person or via videoconference**, and conferral by other means (*i.e.*, telephone, email, etc.) will not suffice.   Any renewed motion must include a 3.01(g) certification containing a detailed recitation of the conferral efforts, to include the date, time, manner, substance, and outcome of the conferral.

The Court also has concerns regarding the parties' inability to negotiate a confidentiality agreement governing discovery in this case, which, in the Court's view, could resolve several of the issues raised by the above-styled motion.   The Court urges the parties to work cooperatively to resolve this issue, lest the Court be required to *sua sponte* to enter a protective order.   The parties are further reminded of their obligation to conduct discovery with a spirt of cooperation and civility.   *See* Middle District Discovery (2021) § (I)(A).

**DONE** and **ORDERED** in Orlando, Florida on September 19, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

- 4 -

- 5 -

Counsel of Record
Unrepresented Parties