**EXHIBIT "Q"**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:22-cv-02075-RBD-LHP

MARISSA GIANNERINI,

    Plaintiff,

v.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant.

_____/

**DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S
ANSWERS AND OBJECTIONS TO PLAINTIFF MARISSA GIANNERINI'S
FIRST SET OF INTERROGATORIES**

Defendant, Embry-Riddle Aeronautical University, Inc., ("Embry-Riddle") by and through undersigned counsel, hereby answers and objects to Plaintiff's First Set of Interrogatories as follows:

### General Objections

1.    Defendant objects to Plaintiff's Definitions and Instructions that precede the specific interrogatories inasmuch as they seek to alter Defendant's obligations under the Rules of Procedure.

2.    To the extent any of Plaintiff's specific interrogatories are deemed to request attorney work-product or attorney-client communications, Defendant objects to that portion on the grounds that such Interrogatory seeks information privileged from disclosure. Defendant specifically objects to disclosure of same as to its Vice

Page **1** of **17**

President and General Counsel, Charlie Sevastos. Any interrogatories that have been answered do not include any employee's communication with any attorney or any work product directed by any attorney.

    3.    Defendant objects to identifying student-athletes as they are third parties to this litigation and entitled to privacy. Defendant will produce the interview notes of the student athletes that were taken during the investigation of Plaintiff's conduct subject to a stipulation of confidentiality and Defendant's redaction of their respective names. The names of the student-athletes are irrelevant and not proportional to the needs of the case. The notes establish that an investigation was conducted and Defendant therefore had a reasonable belief that Plaintiff engaged in misconduct. Plaintiff should not be entitled to conduct mini-trials regarding the statements of each of the student-athletes.

    4.    Plaintiff has served many duplicative interrogatories, some with a slight twist to the other. In that regard, Defendant expressly incorporates all objections regarding an interrogatory to all such other responses to interrogatories seeking the same or similar information.

## RESPONSES TO SPECIFIC REQUESTS

*    1.    Identify all persons known by Defendant to have personal knowledge of any facts concerning the allegations of the Complaint. For each person who is identified, describe fully the facts or information about which they may have knowledge. In addition, as to each person identified, provide: the current complete home address and telephone number or, if not known,*

*last known complete home address and telephone number; present employer, complete business address and telephone number of present employer, job title in which employed and duties and responsibilities in that job; or, if present employer is not known, last known employer, complete business address and telephone number of last known employer, job title in which employed by former employer and duties and responsibilities in that job; and business, profession or occupation if that person is self-employed, as well as that person's complete business address and telephone number and the name of that person's company, firm or business.*

**RESPONSE:**

**Defendant objects to this Interrogatory to the extent it seeks work product and attorney client communications: a) with Defendant's Vice President and General Counsel, Charlie Sevastos; and b) regarding what Defendant believes relates to Plaintiff's Complaint.**

**Defendant further objects on the basis that this Interrogatory is not proportional to the needs of the case on the following grounds:**

**This is a sex and disability discrimination case. Plaintiff's 112 paragraph, 26 page Complaint contains extensive allegations regarding documents and people, including eight specific proposed comparators. Plaintiff has asked for the name, contact information, current employer, and basis of knowledge for everyone related to anything she alleges in the Complaint. There are no temporal limits, and some of the people referenced worked for ERAU a decade ago or more. This Interrogatory would also require Defendant to undertake a review of all referenced documents and employees (current and former) and spend time and money drilling down into those documents for additional names, facts, and contact information, resulting in the Defendant compiling information for mini-trials on each comparator. The information related to the proposed comparators is not limited to the type of conduct that Plaintiff engaged because her complaint is not so limited. The Interrogatory is not limited to the type of student facing position Plaintiff maintained. The Interrogatory is not limited to the same decision-maker at issue here. It is, therefore, also overbroad in scope.**

Page 3 of 17

This Interrogatory could also be read to seek information from non-party individuals, particularly 30 student-athletes, that are not relevant nor proportional to the needs of the case and invades their rights of privacy.

Subject to, and without waiving such objections, Defendant responds by providing the name and contact information of those individuals who Defendant believes have personal knowledge of Plaintiff's performance or termination:

a. **Brandon Young**
   Vice President and Chief Human Resources Officer, Embry-Riddle Aeronautical University
   c/o undersigned counsel

   Knowledge regarding Plaintiff's compensation, performance, discipline, and termination.

b. **Andrea Hooper**
   Executive Director of Human Resources, Embry-Riddle Aeronautical University
   c/o undersigned counsel

   Knowledge regarding Plaintiff's compensation, performance, discipline, and termination.

c. **Mea Felps-Darley**
   Assistant Athletic Director for Compliance, Embry-Riddle Aeronautical University
   c/o undersigned counsel

   Knowledge regarding Plaintiff's performance.

d. **John Phillips**
   Athletic Director, Embry-Riddle Aeronautical University
   c/o undersigned counsel

   Knowledge regarding Plaintiff's performance and discipline.

2. *Please state whether Plaintiff's job performance was less than satisfactory at any time during her employment with Defendant. If so, please describe, in detail: how Plaintiff's job*

*performance was less than satisfactory; who made the determination that Plaintiff's job performance was less than satisfactory; all persons involved in, consulted about or who had knowledge of Plaintiff's less than satisfactory job performance; what actions or steps were taken, if any, to address Plaintiff's less than satisfactory job performance, including whether Plaintiff was issued any discipline, placed on a performance improvement plan, or given a negative performance evaluation; and identify any documents concerning, relating to or reflecting that Plaintiff's job performance was less than satisfactory.*

**RESPONSE:**

**Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client or work-product privilege, specifically including any communications or documents by or between the Defendant's Vice President and General Counsel, Charlie Sevastos. Defendant stands on this objection and does not provide any information regarding such communications or work product herein.**

**Defendant also objects to this Interrogatory as not proportional to the needs of the case to the extent that it seeks information regarding every coaching or correction of Plaintiff's performance over the course of her entire employment. Subject to, and without waiving same, Defendant responds:**

**The Vice President of Human Resources, Brandon Young, and the Executive Director of Human Resources, Andrea Hooper, conducted a full investigation into misconduct allegations against Plaintiff. It was determined Plaintiff lied to Mr. Young about drinking alcohol in front of student-athletes and maltreated the student-athletes she led. As such, Mr. Young decided to fire Plaintiff because the University lost confidence in Plaintiff's ability to lead the Women's Lacrosse Team.**

**As to the remaining subsections of this Interrogatory, the information requested can be ascertained by a review of the documents being**

Page 5 of 17

**produced in response to Plaintiff's First Requests for Production to Defendant. Defendant states that the burden of deriving the answer will be substantially the same for both parties; therefore, Defendant will produce documents responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d).**

3.  *Identify any form of discipline levied against Plaintiff by Defendant during her employment with Defendant. For each form of discipline, identify: any request(s) or directive(s) that resulted in Plaintiff being disciplined; approvals for discipline of Plaintiff; any investigations resulting in discipline of Plaintiff; the reason(s) Plaintiff was disciplined; all persons involved in, consulted about, or providing input on the discipline of Plaintiff; and identify any documents concerning, relating to or reflecting the disciplinary action.*

**RESPONSE:**

**Defendant objects to this Interrogatory as not proportional to the needs of the case to the extent that it seeks information regarding every coaching or correction of Plaintiff's performance over the course of her entire employment. Subject to, and without waiving same, Defendant responds:**

**In January 2019 and August 2021, Defendant discussed with Plaintiff complaints of verbal abuse that had been made against her. Complaints continued to mount, which resulted in a full investigation of Plaintiff in November 2021, as further detailed in Response to Interrogatory Number 2.**

**The remainder of the information requested can be ascertained by a review of the documents being produced in response to Plaintiff's First Requests for Production to Defendant. Defendant states that the burden of deriving the answer will be substantially the same for both parties; therefore, Defendant will produce documents responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d).**

4. *Please state whether in or around January 2019, Vice President of Human Resources Brandon Young and Director of Athletics John Phillips had any knowledge of or became aware of Plaintiff's health condition, including, but not limited to, whether Plaintiff suffered from bipolar disorder. If so, please state: what knowledge or information they became aware of; how they obtained the knowledge or became aware of the information; whether they discussed their knowledge or information with any other employees, parents, or Lacrosse team members and, if so, identify those employees, parents, Lacrosse team members; and identify and describe any documents concerning, relating to or reflecting this information.*

**RESPONSE:**

**Brandon Young, Vice President of Human Resources, does not recall having knowledge of Plaintiff's alleged bipolar disorder in or around January 2019.**

**John Phillips, Director of Athletics, does not recall having knowledge of Plaintiff's alleged bipolar disorder in or around January 2019.**

5. *Please identify and describe any communications or discussions Brandon Young, Charlie Sevastos, John Phillips, or any other representative or agent of Defendant had with Plaintiff at any time regarding Plaintiff's health, including the approximate date(s) or time period when the communications or discussions occurred and identify and describe any documents concerning, relating to or reflecting those communications or discussions.*

**RESPONSE:**

**Defendant objects to the extent this Interrogatory seeks attorney-client or work product privileged communications with Charlie Sevastos and stands on that objection.**

Page **7** of **17**

**Brandon Young does not recall knowing Plaintiff had bipolar disorder until Plaintiff told him during the investigation into allegations of misconduct against her in November 2021.**

**John Phillips does not recall learning Plaintiff had bipolar disorder until after Plaintiff's separation of employment.**

6.  *Please identify and describe each and every statement Brandon Young, John Phillips, and/or Charlie Sevastos communicated to Plaintiff or any discussions Mr. Young, Mr. Phillips, and Mr. Sevastos had with Plaintiff at any time regarding the complaints against Plaintiff, including the approximate date(s) or time period when the statements were made or discussions held with Plaintiff; who else was present when the statements were made or discussions held with Plaintiff; and identify and describe any documents concerning, relating to or reflecting those statements or discussions.*

**RESPONSE:**

**Defendant objects to the extent this Interrogatory seeks attorney-client or work product privileged communications with Charlie Sevastos and stands on that objection.**

**Aside from information protected by privilege, Defendant refers Plaintiff to its Responses to Interrogatories 2 & 3. The remainder of the information requested can be ascertained by a review of the documents being produced in response to Plaintiff's First Requests for Production to Defendant. Defendant states that the burden of deriving the answer will be substantially the same for both parties; therefore, Defendant will produce documents responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d).**

7.     *Please state or describe how often Plaintiff's job performance was evaluated while she was employed by Defendant, identify any performance review where Plaintiff's job performance was rated less than satisfactory, and identify all documents relating to the same.*

**RESPONSE:**

**Plaintiff received performance reviews and evaluations on an annual basis in accordance with Defendant's Performance Evaluation Policy. For the remainder of information requested by this Interrogatory, see Defendant's document production produced in response to Plaintiff's First Request for Production wherein this information may be ascertained. Pursuant to Rule 33(d) Federal Rules of Civil Procedure, Defendant would identify these files as containing the responsive information since the burden of deriving these answers is substantially the same on all parties.**

8.     *State in detail all policies and procedures maintained by Defendant for the reporting and handling of complaints against coaches, professors, faculty, and staff in effect during the time of Plaintiff's employment with Defendant, including identifying whether such policies and procedures are published and if so, how such policies and procedures are distributed to Defendant's employees, and identify all documents relating to the same. For all published policies and procedures identified, identify specifically where each is published.*

**RESPONSE:**

**Defendant objects to this Interrogatory on the basis that it is irrelevant and not proportional to the needs of this case to the extent it seeks policies and procedures for every work rule for every employee on every campus without regard to any time period. Subject to, and without waiving such objection, Defendant's policies and procedures relating to the handling of employee complaints are located in its Administrative Policy and Procedure Manual, which is a web-based platform. Policies and instructions for how to access the web-based**

**platform are provided to employees upon hire and are available to the employee at all times thereafter.**

**For the remainder of information requested by this Interrogatory, see Defendant's document production produced in response to Plaintiff's First Request for Production wherein this information may be ascertained.**

9. *State the facts supporting your Sixth Affirmative Defense, identify all documents that support the same and identify all persons with knowledge of said facts.*

**RESPONSE:**

**Plaintiff never made any complaints about any alleged unlawful behavior until she was put on leave for the investigation into her conduct. Defendant has, and enforces, anti-discrimination, anti-harassment, and anti-retaliation policies, which Plaintiff received and had continuing access to during the course of her employment.**

10. *Please state or describe any and all communications or discussions Mr. Young, Mr. Phillips, Mr. Sevastos, or any other representative of Defendant had regarding the decision to terminate Plaintiff, including the individuals consulted regarding her termination and identifying documents reviewed in or concerning the decision to terminate.*

**RESPONSE:**

**Defendant objects to this Interrogatory to the extent it requests attorney-work product and attorney-client communications with Charlie Sevastos, the Defendant's Vice President and General Counsel, and Defendant stands on that objection.**

**Regarding John Phillips, the decision to terminate Plaintiff was communicated to him after the decision was made.**

**See Defendant's Responses to Interrogatories 2 and 3, regarding Brandon Young's role in the decision to terminate Plaintiff. Documents he reviewed included, but are not limited to, the written notes of interviews of student- athletes and of the then assistant coach of the Women's Lacrosse Team, Leah Peppelman.**

**For documents related to this Interrogatory, see Defendant's document production produced in response to Plaintiff's First Request for Production. Pursuant to Rule 33(d) Federal Rules of Civil Procedure, Defendant would identify these files as containing the responsive information since the burden of deriving these answers is substantially the same on all parties.  See also General Objection Number 5 above that is specifically incorporated herein.**

11. Identify any and all complaints, claims, and/or charges of sex, race, disability, or any form of discrimination or retaliation against Defendant or Defendant's employees from 2016 to present.

**RESPONSE:**

**Defendant objects to this Request as vague, irrelevant, overly broad in scope and time, and not proportional to the needs of this case. Plaintiff seeks all documents referring to complaints from anyone to anyone about discrimination, harassment, or retaliation over the past seven years.  It is not limited to the protected classifications alleged in this suit.  There are no claims of harassment in this suit. The Request is not limited to Plaintiff's employing unit or the decision-maker at issue. The Request is not limited to the Daytona Beach campus. Moreover, this Request is so overly broad in scope that it would encompass any Title XI claims by students, which has no bearing on the claims or defenses.  It also impermissibly invades the privacy of non-party individuals. Plaintiff's Requests seeks to create mini-trials of issues unrelated to this case. The documents in this request will not assist in resolving the issues.**

12. Identify by name all of Defendant's coaches employed between August 2016 to present and whether any complaints were made against those employees, including the

*investigation of those complaints, the results of the investigation into those complaints, if any, and identify all documents relating to the same.*

**RESPONSE:**

**Defendant will provide organizational chart of the Athletic Department on the Daytona Beach Campus at the time of Plaintiff's termination of employment. Pursuant to Rule 33(d) Federal Rules of Civil Procedure, Defendant would identify these files as containing the responsive information regarding the names of all athletic coaches since the burden of deriving these answers is substantially the same on all parties.**

**Defendant objects to the remainder of this Interrogatory as irrelevant and not proportional to the needs of the case. Any complaints received after Plaintiff's termination, if any, are not relevant to Plaintiff's claims. Defendant also objects that the term "coach" is vague and/or is not limited to head coaches for leadership positions like the Plaintiff occupied. Likewise, "complaint" is vague in that it does not identify a manner of a complaint or to whom it was made. The 'complaints' are also not limited to the type of misconduct Plaintiff engaged in and are thus overbroad in scope. The interrogatory is also not limited to employees and could include students. Such information would violate non-parties' private information. The interrogatory is overly broad in time too in that it seeks information over a seven year period, including a one and a half year period where Plaintiff was not employed by Defendant.**

13. *Please explain or describe in detail each and every reason why Defendant terminated Plaintiff's employment.*

**RESPONSE:**

**Defendant objects to this Interrogatory to the extent it requests attorney-work product or attorney-client communications.**

**Subject to, see Defendant's responses to Interrogatories 2 and 3. For documents related to this Interrogatory, see Defendant's document production produced in response to Plaintiff's First Request for Production. Pursuant to Rule 33(d) Federal Rules of Civil Procedure, Defendant would identify these files as containing the responsive information since the burden of deriving these answers is substantially the same on all parties.**

14.     *Identify all persons of Defendant who were involved in, consulted, provided input, had knowledge or approved Defendant's decision to terminate Plaintiff from her employment. For each person identified, please set forth the following: the name and job title of the person; a description of the person's role in the decision to terminate Plaintiff; a description of the information known by the person identified about the decision to terminate Plaintiff; identify all communications by such person related to the decision to terminate Plaintiff; and identify and describe all document(s) concerning, relating to or reflecting such information.*

**RESPONSE:**

**Defendant objects to this Interrogatory to the extent it requests attorney-work product or attorney-client communications between Charlie Sevastos, Defendant's Vice President and General Counsel and stands on that objection as to Mr. Sevastos and anyone he may have communicated with.**

**As to the remainder of the Interrogatory, the answer can be found in Defendant's Reponses to Interrogatories 2 and 10 herein.**

15.     *Please state whether Defendant's agents or employees performed any investigation related to any complaints made against Plaintiff. If so, please identify who performed and was involved in the investigation; identify and describe the investigation; and identify all documents relating to the same.*

Page **13** of **17**

**RESPONSE:**

**The objections and answers to this Interrogatory can be found in Defendant's Reponses to Interrogatories 2 and 3.**

16.  *Identify and describe any and all formal and informal complaints and/or claims against Defendant's coaches, trainers, and directors, from 2016 to present. For each complaint and/or claim, please identify all documents relating to the same.*

**RESPONSE:**

**This Interrogatory is largely duplicative of Interrogatory 12, thus Defendant incorporates those objections and answers here. Defendant further objects to the extent this Interrogatory also seeks information related to trainers, who are not Head Coaches leading students like Plaintiff.**

## **VERIFICATION**

I declare under penalty of perjury that the facts set forth in the foregoing Responses to Plaintiff's First Set of Interrogatories to Defendant Embry-Riddle Aeronautical University, Inc., are true and correct to the best of my knowledge and belief.

(SIGNATURE)_____

(PRINT NAME)_____

(PRINT TITLE)_____

STATE OF_____

COUNTY OF_____

Sworn to and subscribed before me this _____ day of _____, 2023 by _____, who is personally known to me or produced _____ as identification.

_____

Notary Public, _____ County

(NOTARIAL SEAL)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing is being served on all counsel of record identified on the attached Service List in the manner specified, on April 18, 2023.

/s/ <em>Allison O. Kahn</em>
Allison O. Kahn

**SERVICE LIST**
**Plaintiff Marissa Giannerini v. Defendant Embry-Riddle Aeronautical University, Inc.**
**Case No. 6:22-cv-02075-RBD-LHP**

Neil L. Henrichsen, Esq.
Kadean Wilson, Esq.
HENRICHSEN LAW GROUP, PLLC
301 W. Bay Street, 14th Floor
Jacksonville, FL  32202
nhenrichsen@hslawyers.com
service@hslawyers.com
*Attorneys for Plaintiff, Marissa Giannerini*
**VIA EMAIL**