**EXHIBIT "R"**

## Ronald Angerer

| | |
|---|---|
| **From:** | Ronald Angerer |
| **Sent:** | Wednesday, July 19, 2023 8:12 AM |
| **To:** | 'Kahn, Allison Oasis' |
| **Cc:** | Demaline, Christine; Neil Henrichsen; Kadean Wilson; Peters, Justin R.; Saltzman, Debra; Chloe Clay |
| **Subject:** | Giannerini v. Embry-Riddle Aeronautical Univ., Inc., No. 6:22-cv-02075-RBD-LHP: Follow-Up on Certain Outstanding Discovery Matters |
| **Attachments:** | Giannerini - Confidentiality Agreement (2023) - v1.docx |

Dear Allison,

I am writing today to touch on a few items that remain outstanding.  First, attached hereto is a draft of our proposed confidentiality agreement.  While it is a significant revision, we believe that it continues to address your client's core concerns.  Further, considering that we do not have any reason to believe the documents at issue are, in fact, protected by any statute or other rule of law, we believe the attached document is fair and adequate.

Second, and relatedly, we are still awaiting production of the privilege log.  At this point, we do not believe that it is necessary to condition the production of the log on agreement to a confidentiality agreement.  If you see things differently, please let us know why.  Otherwise, please let us know by what date we can expect to receive the privilege log.

Third, while we are in agreement on the proper scope of the revised subpoenas to the mental health medical providers concerning Plaintiff's emotional distress related to Defendant's acts, we have not seen revised notices of intent to serve subpoena for either the medical providers or the past employers.  It has been our understanding that you were going to revise the subpoenas, show us the drafts, and then re-issue them in order to be compliant with Rule 45.  Please let us know when we can expect those revised and re-issued subpoenas.  And as it concerns the broad document subpoenas to past employers, we believe they are entirely inappropriate and would be quashed.  *See Alvarez v. Lakeland Area Mass Transit Dist.*, No. 8:19-cv-1044-T-33SPF, 2020 WL 13119058 at *1 (M.D. Fla. Feb. 24, 2020).

Thank you for your consideration.  We look forward to hearing from you.

CONFIDENTIAL LAW FIRM COMMUNICATION
If you are not the addressee, DO NOT READ THE TEXT OF THIS MESSAGE, but skip to the end for further instructions.

**Ronald Paul Angerer, II**
**Admitted in Florida**
**Board Certified Specialist, Labor & Employment Law**

301 W Bay Street, Suite 1400, Jacksonville, Florida 32202
P: (904) 381-8183 | F: (904) 381-8191 |
E: rangerer@hslawyers.com

www.hslawyers.com



Please consider the environment before printing this email.

A law firm is sending this message; it is intended for the exclusive use of the individual or entity that is the named addressee and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify me immediately by e-mail, discard any paper copies and delete all electronic files of the message.

IRS Circular 230 Disclosure:  As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any tax information or written tax advice contained herein (including any attachments) was not written or intended to be used (and cannot be used) by any taxpayer for the purposes of avoiding any tax penalties that may be imposed under the U.S. Internal Revenue Code.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARISSA GIANNERINI,

     Plaintiff,

v.                            CASE NO: 6:22-cv-02075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

     Defendant.

_____/

## JOINT CONFIDENTIALITY AGREEMENT

WHEREAS, Plaintiff, **MARISSA GIANNERINI** ("Plaintiff") **and**
Defendant, **EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.**
("Defendant" or "University" and collectively with Plaintiff, the "Parties") and
Third Parties may, during the course of this action, be required to disclose
confidential records, such as medical records, financial records, or other
materials that deserve confidential treatment within the meaning of Rule 26(c)
of the Federal Rules of Civil Procedure;

WHEREAS, the Parties have agreed that certain discovery material be
treated as confidential and that certain provisions of Federal Rule of Evidence
502 and Federal Rule of Civil Procedure 26(c) be incorporated into this Joint
Confidentiality Agreement ("Agreement");

WHEREAS, Defendant has withheld documents from production on the basis that it is protected by Family Educational Rights and Privacy Act ("FERPA");

WHEREAS, the Parties, through counsel, have reached this Confidentiality Agreement, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the encouragement of this Court to prevent unnecessary disclosure or dissemination of such confidential or proprietary information;

Accordingly, the Parties agree as follows:

1.  <u>Definitions</u>: The following definitions shall apply to this Agreement:

   a.   Any Party or Third Party disclosing information (hereinafter "Producing Party") may designate information or documents produced, used, or disclosed in this action as "Protected Information," if, in good faith and after due consideration, said Party reasonably believes that the information or documents so designated contain confidential information as defined in paragraph 1d. below.

   b.   "Protected Information" means any document or information supplied in any form designated by a Producing Party, as defined herein, as "CONFIDENTIAL", in one or more of the following ways provided in Paragraphs 3 to 6.

   c.   All Protected Information may be designated (and marked

accordingly) as "CONFIDENTIAL" as the case may be.

       d.    Information designated as "CONFIDENTIAL" is information that is not in the public domain and contains medical or financial information, or any other information that may reasonably be characterized by a party as appropriate for confidential treatment under law, rule or regulation.

       e.    "Document" shall have the same full meaning as defined by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

       f.    "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL", or other appropriate term connoting confidentiality of the document. When any document is designated "CONFIDENTIAL" pursuant to this Agreement, the Legend shall be clearly marked and affixed to any page therein containing Protected Information.

       g.    "Student Legend" as used herein shall mean the document revealing the identity of those Students that are otherwise redacted.

       h.    "Receiving Party" shall mean any Party that receives documents, information, or other materials from a Producing Party in this litigation.

       i.    "Student" or "Students" shall mean those individuals identified in the Student Legend.

       j.    "Third Party" shall mean any individual, corporation, association, or other natural person or entity who or that is not one of the Parties

to this litigation.

2.      <u>Scope Of Application Of Agreement:</u> This Agreement shall govern the production, use, and disclosure of Protected Information and materials generated or produced in response to any discovery, including but not limited to documents, things, responses to requests for documents and things and things, interrogatory answers, deposition testimony, answers to requests for admissions, expert reports, and responses to other discovery demands, as well as any copies, notes, abstracts, or summaries of such information.  In addition, this Agreement shall govern all Protected Information produced by a Third Party in response to any discovery conducted by any Party to this litigation pursuant to the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Middle District of Florida.

3.      <u>Designation As Protected Information:</u>      A Producing Party shall designate any document or portion thereof that contains Protected Information as "CONFIDENTIAL" pursuant to this Agreement by affixing the Legend to any document, material or other thing that the Producing Party reasonably and in good faith believes constitutes Protected Information.

4.      <u>Production for Inspection Purposes Only:</u> If a Producing Party intends to produce documents for inspection only, the Parties shall meet and confer on whether production by inspection is appropriate and on the procedures for designating Protected Information.

5.    <u>Designation Of Deposition Transcripts And Exhibits As Protected</u> <u>Information:</u> At the time of deposition or within fourteen (14) days after receiving a deposition transcript, any Party or Third Party may designate portions of the transcript, exhibits, or videotape, as being "CONFIDENTIAL" in the event such deposition transcript, exhibits, or videotape include Protected Information. If documents or things designated as "CONFIDENTIAL" are to be disclosed in a deposition, any Party or Third Party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or things pursuant to this Agreement unless such person agrees to the terms of this Agreement. Until expiration of the fourteen (14)-day period, the entire deposition transcript, exhibits and videotape, shall be treated as "CONFIDENTIAL" under the provisions of this Agreement.

6.    <u>Designation Of Documents Produced By Third Parties:</u> Any  Party may designate as CONFIDENTIAL" any document or thing that is produced by any Third Party without such designation within fourteen (14) days of the production of such document, or such other time as may be agreed upon by the Parties, provided that the document or thing contains Protected Information. Until expiration of the fourteen (14)-day period, any document or thing that is produced or disclosed by a Third Party shall be treated as "CONFIDENTIAL" under the provisions of this Agreement. Designation shall be made in the following manner:

a.     Parties to this litigation may designate such document "CONFIDENTIAL" by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document.  Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice and copy of the designated document pursuant to this subparagraph shall return to the designating Party all undesignated copies of such document in their custody or possession; shred/destroy such undesignated copies; or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

b.     Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated document or information contained therein, except as allowed under this Agreement; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Agreement; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Agreement.

7.     <u>Inadvertent Failure To Designate Information As Protected Information:</u>  Inadvertent failure to designate information as Protected Information at the time of disclosure may be remedied by supplemental written

notice given by the Producing Party. Except as provided in Paragraph 8, once such a designation has been made, however, the relevant documents or materials shall be treated as Protected Information in accordance with this Agreement as if they had been initially so designated, provided, however, that if the discovery material that was inadvertently not designated is, at the time of the later designation, filed with the Court on the public record, the Producing Party that failed to make the designation shall move for appropriate relief. The Parties shall make a reasonable good-faith effort to insure that any documents that were generated based upon such newly designated confidential information are immediately treated as Protected Information as appropriate.

8.   <u>Objections To Confidentiality Designations:</u> A party is not obligated to challenge a Producing Party's designation of "CONFIDENTIAL" at the time such a designation is made, and any failure to do so will not waive that party's right to request, at a later time, that the Court determine whether the information satisfies the definitions of "CONFIDENTIAL" or whether the information satisfies the applicable rules with respect to Protected Information. If any Party in this litigation objects to a confidentiality designation or otherwise desires to have a confidentiality designation removed, counsel for such Party (the "Challenging Party") shall: (i) notify the Producing Party in writing; (ii) state the Bates numbers of the documents at issue (or, where appropriate, by reasonably identifying the categories of documents or information challenged); (iii) include

a statement of the basis for each objection; and (iv) promptly confer in good faith with the Producing Party to attempt to resolve the dispute. If the Producing Party and Challenging Party cannot reach an agreement, then either of them may move the Court for a determination as to whether the designation is appropriate. Any such motion shall comply with the Local Rules of the United States District Court for the Middle District of Florida. The designated document shall maintain its original "CONFIDENTIAL" status pending a determination by the Court of the motion.

9.    <u>Disclosure and Use of Protected Information:</u>    Protected Information shall be used solely in connection with this action and shall not be used in any other manner by a Receiving Party. Protected Information marked, labeled, or otherwise designated shall be deemed and treated as "CONFIDENTIAL" unless and until (i) the Court rules to the contrary, or (ii) the Producing Party withdraws such designation by written notice. Except as otherwise provided in this Agreement, "CONFIDENTIAL" information may only be disclosed to, or examined by, the following persons:

a.    the Parties and employees of each Party, solely for purposes of the action ("Designated Employees");

b.    the Parties' inside counsel, if any, and employees of the Parties' inside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this litigation;

c.     the Parties' respective outside counsel, and employees of the Parties' outside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this litigation;

d.     clerical personnel, litigation personnel, and vendors who are acting under the direction of the Parties' counsel and who are necessary to assist such counsel in this litigation;

e.     experts retained in connection with this litigation by the Parties' counsel, but only for the purposes of prosecuting, defending, or settling this litigation;

f.     persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the Protected Information or document was authored by, addressed to, or received by the person or Party testifying;

g.     stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in this litigation;

h.     magistrate judges, judges, clerks, or other members or employees of any court of competent jurisdiction over proceedings in or related to this litigation; and

i.     any other person agreed to in writing by the Producing Party or by order of the Court.

10.    <u>Copies:</u>    All copies of any documents containing Protected

Information shall be treated as such as provided in this Agreement.  Any person making, or causing to be made, copies of any documents containing Protected Information shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Agreement.  Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

11.    <u>Acknowledgement And Written Assurance:</u>    For each person who is permitted to see Protected Information except the Producing Party, counsel first shall inform such person that pursuant to this Agreement the material to be disclosed may only be used for the purposes of prosecuting, defending, or settling this litigation and must be kept confidential. Each person who is permitted to see Protected Information shall be shown a copy of this Agreement and shall sign the Acknowledgement and Written Assurance form, annexed hereto as <u>Exhibit A</u>. Notwithstanding the foregoing, no such signed Acknowledgment and Written Assurance shall be required of the following persons:

(i)    the Court and Court personnel;

(ii)    any employee of the Producing Party who is identified as a recipient or shown as an originally copied recipient on a document containing Protected Information;

(iii)    a Party's expert witness (whether designated or

consulting), outside counsel for the Parties, including any clerical personnel, litigation personnel, and vendors who are acting under the direction of the Parties' outside counsel, and who are necessary to assist such counsel in this litigation, or

(iv)    persons testifying in depositions or court proceedings (including, without limitation, person preparing to testify in such depositions or court proceedings) to the extent the Protected Information or document was authored by, addressed to, or received by the person or Party testifying.

As to any entity described in Paragraph 9(d) or Paragraph 9(e) included in the list of persons who must sign an Acknowledgement and Written Assurance form, an owner or manager of such entity may sign an Acknowledgement and Written Assurance on behalf of the entity and the entity's employees. These signed forms shall be maintained by counsel for the Party or Parties who disclosed the Protected Information to such persons. Copies of the signed forms shall be produced to the Court for in camera inspection if a Party requests any such inspection and demonstrates good cause in support of any such request. Nothing in this paragraph is intended to modify the application of Federal Rule of Civil Procedure 26(b)(4)(B) in this litigation.

12.    Notwithstanding any other provision of this Agreement:

a.    Nothing in this Agreement shall limit the ability of any Party

or Third Party to disclose to any person Protected Information produced by it;

       b.    A Party's use for any purpose of its own documents and information it produces or discloses in this litigation shall not be considered a violation of this Agreement; and

       c.    Nothing in this Agreement shall limit the ability of any Party to use information or documents designated as Protected Information but obtained by a Party prior to production by any Party or Third Party ("Pre-Discovery Information"); provided, however, that the Party claiming such Pre-Discovery Information where a Party or Third Party has designated Protected Information shall inform the opposing Party of possession of such information and follow the process described in paragraph 8 herein.

       13.    <u>Subpoena Or Other Third-Party Request For Confidential Information Produced In This Litigation</u>:  If, at any time, any person in possession, custody, or control of any Protected Information, other than the Producing Party who originally produced Protected Information, receives a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of such materials, the person to whom the subpoena or request is directed shall, except where prohibited by law, reasonably provide written notice to the Producing Party.  The Producing Party then shall have the burden of defending against or objecting to such request to the extent it seeks Protected Information.  The person

Page **12** of 21

to whom the subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought thereby.  Unless otherwise ordered by a Court or required by a government subpoena, the person to whom the subpoena or request is directed shall comply with the request only if: (i) the Producing Party does not timely seek an order modifying or quashing the request for Protected Information; or (ii) the Producing Party is unsuccessful in seeking an order modifying or quashing the request for Protected Information. Other than the obligation to comply with the requirements stated herein, this Agreement does not affect a Party's obligation to respond to such a subpoena or request.

14.     Notwithstanding any other provision of this Agreement, the Parties shall confer and attempt to agree before any trial or hearing on the procedures to be included in a protective order pursuant to which Protected Information may be used or introduced into evidence at such trial or hearing.  If the agreement involves the use of Protected Information produced by a  Third Party, upon reaching agreement, the Parties shall give notice of the terms of such agreement to each Third Party whose Protected Information may be used or introduced at such trial or hearing. Because it would affect the public availability of material used at a trial or hearing, any such agreement will be effective only upon Court approval.  Absent agreement among the Parties, any Party upon reasonable notice to all Third Parties producing Protected Information which may be used

or introduced at such trial or hearing may move the Court to issue an order governing the use of Protected Information at a trial or hearing.

15.    <u>Filing of Protected Information Under Seal:</u>        All parties shall make reasonable efforts to avoid requesting the filing of Protected Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any Protected Information not directly pertinent to the submission. Where not reasonably possible, any Party wishing to file a document or paper containing Protected Information may request that material be filed under seal by motion, consistent with Middle District of Florida Local Rule 1.09.

16.    <u>Inadvertent Production:</u>        In accordance with Federal Rule of Evidence 502, and the agreement of the Parties, inadvertent production of information that a Producing Party later claims should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in any federal or state proceeding.  Upon discovery by a Producing Party (or upon receipt of notice from a Receiving Party) that he/she/it may have produced Inadvertently Produced Privileged Information, the Producing Party shall, within twenty-one (21) days of such discovery, request the return of such information in writing by identifying the

Inadvertently Produced Privileged Information and stating the basis for withholding such information from production. After being notified, any Receiving Party must return, sequester, or destroy the Inadvertently Produced Privileged Information and any copies he/she/it has, and must not use or disclose the information until the claim is resolved. If a Receiving Party disputes the inadvertent production and/or privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the request for the return of the Inadvertently Produced Privileged Information. The Producing Party and Receiving Party thereafter shall confer in good faith regarding the disputed claim within ten (10) days. If the Producing Party and Receiving Party do not resolve their dispute, either of them may bring a motion for a determination of whether a privilege applies. A single set of copies of the disputed information may be sequestered and retained by and under the control of lead counsel of the Requesting Party for the sole purpose of seeking court determination of the issue. The Receiving Party must attempt to preserve the confidentiality of the information until the claim is resolved. If Inadvertently Produced Privileged Information is disclosed through inadvertence or otherwise to any person not authorized, the party causing such disclosure shall inform the person receiving the information that the information is covered by this Agreement, make its best efforts to retrieve the information, and promptly inform the Producing Party of the disclosure.

17.     <u>Effect Of Agreement:</u>    This Agreement shall remain in full force and effect until modified, superseded, or terminated by executed written agreement of the Parties or by order of the Court. The Parties agree that the above Court shall retain continuing jurisdiction, beyond the conclusion of this litigation, including, without limitation, during any appeal, over all persons and parties bound by this Agreement to enforce the provisions of this Agreement pursuant to its contempt powers and with all other powers provided for in this Agreement.

18.     <u>No Admission:</u>    Nothing contained in this Agreement shall be construed as an admission or agreement that any document or information, or any testimony relating to such document or information, is or would be subject to discovery or admissible as evidence in this litigation or any other proceeding.

19.     <u>Return Or Destruction Of Protected Information Following Conclusion Of Litigation:</u>        Within ninety (90) days after final resolution of this litigation (including  resolution of all appellate procedures), all documents or other items constituting or containing Protected Information, and all copies thereof, that are in the possession, custody, or control of any person other than the Producing Party shall upon written request of the Producing Party, either be returned to the Producing Party or destroyed. Within ninety (90) days after the final resolution of this litigation, upon written request, each Party shall attest to each Producing Party that all documents or other items constituting or

containing Protected Information produced in this litigation were returned or destroyed. Counsel for all Parties may retain copies of all documents that reflect Protected Information consistent with the confidentiality terms set forth herein.

20.   <u>Student Information:</u>  Notwithstanding anything to the contrary herein, the following provisions shall control the designation, production, and use of information that contains the identity of current and/or past Students:

a.   Treatment of materials designated as "CONFIDENTIAL" for containing Student information:

i.   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the producing party shall affix a redaction over each Students' identity, which states "Student Number" followed by a student number assigned by the University's counsel. All Students and their corresponding Student Number will be maintained on the Student Legend that should, at all times and for all versions, remain confidential absent further agreement or court order.  All versions of the Student Legend shall be marked "CONFIDENTIAL".

ii.   For testimony given in deposition or in other pretrial proceedings, Student information shall be redacted from the written record and replaced with the corresponding Student Number from

the Student Legend.

b.        Documents received from Third Parties:  Third Parties who produce or provide documents containing Student information shall be treated consistent with this Agreement, and Student identities shall be redacted appropriately and replaced with the corresponding Student Number.

c.        Protection of Student information:   Any person or Party having custody of Student information protected by this Agreement, including but not limited to the Student Legend, shall maintain it in a manner that reasonably limits access to it to those persons permitted such access as provided by this Agreement.

d.        Absence of conflict in terms:  The terms of this Section 20 shall control in the event of any conflict with another provision of this Agreement.  In the event there is no conflict between the terms of this Section 20 and any other provision of this Agreement, the other provisions of this Agreement shall govern notwithstanding that the confidential information contains Student information.

21.    Miscellaneous:

a.    This Agreement may be signed in counterparts, each of which shall be deemed an original.

b.    Nothing contained in this Agreement shall affect the rights of the Parties or Third Parties to object to discovery on grounds other than those related to the confidentiality of documents or information, nor shall it relieve a Party or

Third Party of its obligation to properly respond or object to discovery requests, nor shall it preclude any Party or Third Party from seeking further relief or protective orders from the Court as may be appropriate under the applicable rules of procedure.

      c.     The Parties reserve all rights to apply to the Court for any order modifying this Agreement, or seeking further protection against discovery or other use of Protected Information or other information, documents, or transcripts. Nothing contained in this Agreement shall affect the rights of any Party to seek protection against the use of Protected Information that was gained by a Party or Third Party by means other than through the discovery process.

*Signature Page to Follow*

SO
AGREED:


PLAINTIFF:                              DEFENDANT:
By:  Authorized Counsel                 By:  Authorized Counsel


By: _____            By: _____
    Neil Henrichsen                         Allison Oasis Kahn
    Fla. Bar No. 0111503                     Florida Bar No.: 496138
    Ronald P. Angerer, II                    **CARLTON FIELDS**
    Fla Bar No. 0104874                      <mark>[ADDRESS]</mark>
    Kadean Wilson                            <mark>Telephone:</mark>
    Fla. Bar No.  1025221                    <mark>Facsimile:</mark>
    **HENRICHSEN LAW GROUP,**                 Email:  akahn@carltonfields.com
    **P.L.L.C.**
    301 W. Bay St., 14th Floor               *Counsel for Defendant*
    Jacksonville, FL 32202
    Telephone: (904) 381-8183
    Facsimile: (904) 212-2800
    Email:
    nhenrichsen@hslawyers.com
    rangerer@hslawyers.com
    kwilson@hslawyers.com
    service@hslawyers.com

    *Counsel for Plaintiff*

Date:                                   Date:
_____                 _____

## EXHIBIT "A"

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Marissa Giannerini v. Embry-Riddle Aeronautical University*, have been designated as "CONFIDENTIAL." I hereby agree that I will not disclose any information contained in such documents designated as "CONFIDENTIAL" to any other person. I further agree not to use any such information for any purpose other than this litigation.

By:_____

Printed: _____

Date:_____