**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARISSA GIANNERINI,

       Plaintiff,

v.                                                                                    Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

       Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW (Doc. No. 48)
>
> **FILED:** October 31, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part, DENIED in part, and DEFERRED in part**.

Defendant moves for a protective order regarding discovery in this case. Doc. No. 48.  The motion addresses three discrete categories of information: (1) information allegedly protected by the attorney-client privilege; (2) documents

containing student personally identifiable information ("PII"), from which Defendant wishes to redact student identities; and (3) documents containing PII of Defendant's current and former employees, from which Defendant also wishes to redact the employee identities.  *Id.*  Defendant submits a privilege log in support listing each of these categories of documents/information (Doc. No. 48-1), the Affidavit of Charles W. Sevastos as it relates to the attorney-client privileged communications (Doc. No. 48-2), and the Affidavit of Allison O. Kahn in support of the redaction of student PII (Doc. No. 48-3).  Defendant asks the Court to enter a protective order that it proposed to Plaintiff as a joint discovery agreement (Doc. No. 48-4), but which Plaintiff rejected (Doc. No. 51-8).   Plaintiff, of course, opposes Defendant's motion (Doc. No. 51), and has submit a proposed confidentiality agreement of her own (Doc. No. 53-2).

The Court ordered supplemental briefing from the parties (Doc. No. 52), which the parties have now submitted (Doc. Nos. 53–54).  Thus, the matter is ripe for review.  Upon consideration, the motion will be granted in part, to the extent that the Court will enter a protective order governing discovery in this case, given the parties' inability to negotiate a confidentiality agreement.  However, the Court declines to adopt *in toto* either of the proposed agreements/orders submitted by the

parties, as they are both too broad and too narrow in several respects.[1]  The Court will defer ruling on the attorney-client privilege issues, to allow for *in camera* inspection of those documents, for the reasons outlined herein.  Each of the categories of information will be addressed in turn.[2]

A.   Student PII.

Defendant wishes to redact student PII from its document production, citing privacy concerns and the Family Educational Rights and Privacy Act (FERPA).[3]

---

[1] The Court notes that Defendant appears to have objected to Plaintiff's request to enter into a broad confidentiality agreement governing discovery in this case, and Defendant wishes to limit any confidentiality agreement to only the student and employee information at issue, and Plaintiff's medical records.  Doc. No. 48-4.  However, Defendant fails to explain why a broader confidentiality agreement would not be appropriate.  *See* Doc. Nos. 48, 53.  Given the discovery disputes that have already occurred in this case, to include issues which likely could have been resolved without Court involvement had the parties entered into a confidentiality agreement, the Court finds Defendant's position unpersuasive in this respect, and will enter a protective order governing all discovery production in this case.

[2] In its motion and supplemental briefing, Defendant seeks to incorporate by reference prior filings.  *See* Doc. No. 48, at 2 and Doc. No. 54, at 2 (incorporating Doc. Nos. 41 and 46).  Incorporating by reference prior filings is impermissible and violates the page limits set forth in the Court's Orders (*see* Doc. Nos. 25, 52), therefore the Court has not considered Doc. Nos. 41 or 46 in resolving the disputes presently at issue.  *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 3:15-cv-164-MMH-MCR, 2022 WL 4592013, at *1 & n.7 (M.D. Fla. Sept. 30, 2022), *clarified on denial of reconsideration*, 2022 WL 18716690 (M.D. Fla. Dec. 16, 2022); *Soul Quest Church of Mother Earth, Inc. v. Att'y Gen.*, No. 6:20-cv-701-WWB-DCI, 2022 WL 1131202, at *2 & n.1 (M.D. Fla. Mar. 4, 2022).  Counsel is reminded that future filings must stand on their own and must not incorporate by reference arguments raised in prior filings, or risk summary denial/striking.

[3] The purpose of FERPA is to "'assure parents and students . . . that access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent."  *Alig–Mielcarek v.*

Doc. No. 48, at 2–3; Doc. No. 54, at 5–6.[4]  Specifically, Defendant would redact the student identity, replace the identity of the student with a student number, with such student numbers to be placed on a separate confidential legend to be available to the parties but not to be filed absent a Court Order.  *See* Doc. No. 48-4, at 3–4.

---

*Jackson*, 286 F.R.D. 521, 525–26 (N.D. Ga. 2012) (quoting *Rios v. Read*, 73 F.R.D. 589, 597 (E.D.N.Y. 1977)).  "FERPA does not create a privilege which protects against the disclosure of student information, rather, it provides for the imposition of sanctions against an offending institution."  *Bigge v. Dist. Sch. Bd. of Citrus Cty., Fla.*, No. 5:11-cv-210-Oc-10TBS, 2011 WL 6002927, at *1 (M.D. Fla. Nov. 28, 2011) (citations omitted).  However, disclosure of FERPA-protected information may be made pursuant to a court order.  20 U.S.C. § 1232g(b)(2).  FERPA defines PII to include:

> (a) The student's name;
> (b) The name of the student's parent or other family members;
> (c) The address of the student or student's family;
> (d) A personal identifier, such as the student's social security number, student number, or biometric record;
> (e) Other indirect identifiers, such as the student's date of birth, place of birth, and Mother's maiden name;
> (f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or
> (g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. § 99.3.

[4] Pinpoint citations to all docket entries refer to the pagination assigned by CM/ECF, rather than the internal pagination on the documents.

Notably, Defendant does not request to redact any other information encompassed by FERPA.

Although Plaintiff opposes, and argues that FERPA does not apply, both confidentiality agreements proposed by Plaintiff allow for redaction of student identities from document production, and, generally speaking, the legend procedure Defendant seeks to employ.  *See* Doc. No. 51-8, at 5; Doc. No. 53-2, at 20 ¶ 20.  And the Court finds that treating this information as confidential and permitting redaction of student identities is appropriate.  *See, e.g.*, *Doe v. Rollins Coll.*, No. 6:18-cv-1069-Orl-37LRH, 2019 WL 11703979, at *5 (M.D. Fla. Apr. 10, 2019) ("FERPA does not prohibit the release of records so long as the student's identifying information is redacted.").  *See also Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 294 (E.D.N.Y. 2008) ("In order to temper the privacy concerns raised under FERPA, all the requested education records sought here must be produced in redacted form and subject to a protective order.").  Thus, Defendant's requested procedure on redaction of student identities and treatment of student records as confidential will be included in the protective order.

    B.    <u>Employee PII</u>.

Defendant argues that "[d]ocuments bearing on non-party current and former ERAU employees, who Plaintiff tries to identify as potential comparators, should be protected in the same manner as students."  Doc. No. 48, at 3.  *See also*

Doc. No. 54, at 7–8.  Defendant cites *Ard v. Custom Tree Service, Inc.*, No. 3:07-cv-621-J-12JRK, 2008 WL 11433202, at *4 (M.D. Fla. Jan. 8, 2008), to demonstrate that courts have found redaction of third-party employee personal information from personnel files is appropriate.  Plaintiff, for her part, now appears to oppose redaction of employee names, Doc. Nos. 53, 53-2, although she previously did not, Doc. No. 51-8, at 3–5.  But Plaintiff cites no legal authority stating that the redaction procedure Defendant seeks to employ would be inappropriate.  *See* Doc. Nos. 51, 53.

Upon consideration, the Court agrees with Defendants that a redaction procedure for the identity of the third-party employees would be proper.  *See Ard*, 2008 WL 11433202, at *4.  *See also Fluker v. Allied Auto. Grp.*, No. 3:06-cv-1105-J-32JRK, 2009 WL 10670759, at *6 (M.D. Fla. Jan. 15, 2009) (ordering production of personnel files for comparator employees with redaction of sensitive identifying information).  Thus, the requested procedure on redaction of the third-party employee identities and treatment of the employee records as confidential will be included in the protective order.  The protective order governing discovery in this matter will issue separately.[5]

---

[5] The Court notes that Defendant includes requests in its supplemental briefing not raised in the body of its initial motion, to include a request that a protective order prohibit Plaintiff from contacting students, and a request to prohibit Plaintiff from conducting

### C. Attorney-Client Privileged Materials.

The alleged attorney-client privileged information at issue concerns communications between Defendant's Vice President and General Counsel, Charles Sevastos, and other employees of Defendant, and involves the investigation of claims regarding Plaintiff. *See* Doc. Nos. 48-1, 48-2. Defendant contends that these communications were for purposes of giving/receiving legal advice in Attorney Sevastos' representation of Defendant. Doc. No. 48, at 2. *See also* Doc. No. 54, at 2–5.

In response, Plaintiff argues that Defendant has failed to carry its burden of demonstrating that the attorney-client privilege applies for several reasons, including: (1) Defendant's privilege log is deficient because the entries are too vague and conclusory; (2) Attorney Sevastos was operating in a business function regarding these communications, rather than in a legal capacity; and (3) Defendant

---

"dozens of mini-trials . . . over whether the students' reports were accurate." Doc. No. 54, at 6. Because these issues were not substantively raised in the motion (a mere citation to the proposed confidentiality agreement does not suffice), the Court would be within its discretion to decline to consider them. *See* Doc. No. 52 (limiting supplemental briefing to the issues raised in the motion and response). And even if the Court were inclined to consider the requests, the Court would deny them because Defendant provides no relevant legal authority in support and its arguments are entirely speculative. *See* Doc. No. 54, at 7.

has placed the communications at issue through its defenses. Doc. No. 51, at 1–2. *See also* Doc. No. 53, at 2–6.[6]

Upon review, based on the information provided, the Court is unable to determine whether the attorney-client privilege applies to the documents listed on the privilege log, or resolve Plaintiff's contentions that it does not. Accordingly, the Court will defer ruling on this portion of the motion, and order Defendant to submit the documents to the Court for *in camera* review. *See CSX Transp. Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *5 (M.D. Fla. July 20, 1995) ("Where there is a sufficient evidentiary showing that an issue exists regarding the application of a privilege, the court must utilize its own discretion and determine whether *in camera* review is appropriate under the circumstances presented." (citation omitted)). *See also, e.g.*, *Hilton Resorts Corp. v. Sussman*, No. 6:19-cv-305-Orl-40DCI, 2019 WL 13249099, at *7 (M.D. Fla. Dec. 23, 2019) (ordering production of documents for *in camera* review to "determine whether the documents support

---

[6] Plaintiff makes two additional arguments in her supplemental briefing not raised in her original response regarding why the attorney-client privilege would not apply—that some of the communications contain only factual information, and that some of the communications copied multiple employees. Doc. No. 53, at 4–5. Because Plaintiff did not raise these issues in her initial response, however, the Court declines to consider these contentions. *See* Doc. No. 52 (limiting supplemental briefing to the issues raised by the motion and response).

- 8 -

the existence of an attorney-client relationship and whether the documents involve communications made for the purpose of securing legal advice").

D.  Plaintiff's Request for Fees and Costs.

In response to the motion to compel, Plaintiff requests recovery of fees and costs pursuant to Federal Rule of Civil Procedure 26.  Doc. No. 51, at 3.  *See* Fed. R. Civ. P. 26(c)(3) (making applicable Fed. R. Civ. P. 37(a)(5)).  Defendant opposes, arguing that its position was substantially justified, thus making an award of expenses unjust.  Doc. No. 54, at 8.

The Court agrees with Defendant, and declines to award fees in this instance. *See* Fed. R. Civ. P. 37(a)(5)(A)(2), (C).

E.  Conclusion.

For the reasons discussed herein, it is **ORDERED** as follows:

1.  Defendant's Motion (Doc. No. 48) is **GRANTED in part**, to the extent that the Court will enter a protective order governing discovery in this case. The Court declines to adopt Defendant's proposed order (Doc. No. 48-4),[7] and the motion is thus **DENIED** in this regard.  The Court will separately issue a protective order governing all discovery in this matter, which will

---

[7] Or Plaintiff's.  *See* Doc. No. 53-2.

include procedures for redaction of student and third-party employee identities, as outlined herein.

2.  The Court **DEFERS RULING** on the attorney-client privilege issues. On or before **November 27, 2023**, Defendant is **ORDERED** to submit the materials over which it claims attorney-client privilege to the Court (as listed on the privilege log (Doc. No. 48-1)) for *in camera* review.  Defendant shall submit the materials either via CD or in hard copy by delivery to the Clerk's office along with a copy of this Order.  The Clerk's office shall then ensure that the materials are delivered to Chambers.

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties