## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

MARISSA GIANNERINI,

        Plaintiff,

v.                                                    Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

        Defendant

_____

### PROTECTIVE ORDER GOVERNING DISCOVERY

Upon review of the parties' briefing (Doc. Nos. 48, 51, 53–54), and for the reasons set forth in the Court's November 20, 2023 Order (Doc. No. 58), the Court enters this Protective Order Governing Discovery.   This Protective Order shall govern all party and non-party discovery in this case that may require the exchange of information that is confidential.   Accordingly, it is hereby **ORDERED**:

## I.    DESIGNATED MATERIAL.

A.    Any information, including, but not limited to, testimony, documents, videos or other materials produced, formally or informally, in this action and any material filed with the Court may be designated as "CONFIDENTIAL" by the "Designating Party."   The term "Designating Party" is defined as the party that

designates certain documents, materials, or information as "CONFIDENTIAL" in accordance with the definition in Section II of this Protective Order ("Designated Material").

B.     Such designation shall be made only by counsel of record for the Designating Party who has personally reviewed such information and, in good faith, determines that such information contains Designated Material.

C.     Counsel of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of Designated Materials.

D.     If a party inadvertently produces Confidential Information without marking it as such, as soon as the receiving party receives written notice of the error, including the proper designation for such inadvertently produced material, the receiving party must treat the information as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the information that it distributed or disclosed to persons not authorized to receive such information pursuant to the terms of this Protective Order, as well as any copies made by such persons.

## II.     CONFIDENTIAL INFORMATION.

A. Information designated as "CONFIDENTIAL" shall be limited to information which has not been disclosed publicly, which the Designating Party

believes in good faith must be held confidential to protect private, personal, business or commercial interests, for which good cause exists to treat as "CONFIDENTIAL" hereunder, and which is worthy of protection under Fed. R. Civ. P. 26(c).

B.     Confidential Information may only be disclosed to, or examined by, the following persons:

1.     The parties, solely for purposes of this action;

2.     The parties' inside and outside counsel, and their employees;

3.     Clerical personnel, litigation personnel, and vendors who are acting under the direction of the Parties' counsel and who are necessary to assist such counsel in this litigation;

4.     Experts retained in connection with this litigation by the Parties;

5.     Persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the Confidential Information or document was authored by, addressed to, or received by the person or Party testifying;

6.     Stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in this litigation;

7.     Magistrate judges, judges, clerks, or other members or

employees of any court of competent jurisdiction over proceedings in or related to this litigation; and

        8.     Any other person agreed to in writing by the parties or by order of the Court.

C.     Confidential Information shall include the identities of Defendant's students and third-party past and current employees of Defendant, and will be governed by this Order, as set forth *infra*, Section XV.   *See also* Doc. No. 58.

## III.   CUSTODY OF DESIGNATED MATERIALS.

A person with custody of Designated Materials shall (1) maintain them in a manner that limits access only to those persons bound by this Protective Order and (2) use their best efforts to preserve the confidentiality of Designated Materials as provided in the Protective Order.

## IV.   DESIGNATING DOCUMENTS.

A.     When a person producing documents, including non-parties, wishes to designate some portion of a document "CONFIDENTIAL" under the terms of this Protective Order, such designation shall be made by placing an appropriate legend on each page of the document so designated prior to delivery to another party. Such legend shall be placed on the page so that it will not interfere with the legibility of material on the page.  This requirement applies to documents produced in electronic form.

B.     Making documents and things available for inspection by another party's counsel shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated as "CONFIDENTIAL" at the time of inspection.

C.     When a Designating Party wishes to designate as "CONFIDENTIAL" under the terms of this Protective Order a document produced by someone else, such designation shall be made within ten (10) days from the date that the Designating Party receives notice that possession of the document has been delivered to another party, or as soon thereafter as possible, identifying with particularity the designated documents.

## V.     NON-PARTY DESIGNATIONS.

The rights and obligations under this Protective Order apply equally to non-parties who produce documents in this matter by subpoena or otherwise.   All Designated Material must strictly comply with the standards set forth in Paragraphs II or III of the Protective Order.

## VI.     DESIGNATING DEPOSITIONS.

A.     Deposition transcripts or portions thereof may be designated "CONFIDENTIAL" under the terms of this Protective Order by a party either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the

Designating Party may direct; (ii) during the course of the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Party may direct; or (iii) by captioned, written notice to the reporter and all counsel of record, within seven (7) days after the transcript is available for review by sending a written list of the pages and/or exhibits to be so marked to counsel for the other parties whereupon the party receiving such notice shall be responsible for marking the copies of the designated transcript or portions thereof in their possession or control as directed by the Designating Party. Before the expiration of the seven (7) days, the entire deposition transcript shall be treated as if it had been designated "CONFIDENTIAL."   If no designation is made pursuant to this Paragraph within the seven-day period, then the deposition and deposition transcripts shall not be considered "CONFIDENTIAL."

B.      Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, subject to the limitations in Section IV above.   In that event, the exhibit and related transcript pages shall receive the same confidentiality designation as the Designated Material marked as an exhibit.

## VII.   OBJECTIONS TO DESIGNATIONS.

A.      A party may challenge a "CONFIDENTIAL" designation by serving on the Designating Party a written notice of objection, which shall identify with

particularity the items as to which the designation is challenged, state the basis for each challenge and indicate what designation, if any, the objecting party believes is appropriate.   A party may object only if it believes in good faith that the designation does not meet the standards of Section II of this Protective Order.

B.     If the Designating Party does not agree to the proposed change of designation within five (5) days of receipt of said notice of objection, the Designating Party may file a motion to have the matter decided by the Court.   If no such motion is filed within those five (5) days, the information identified in the notice shall lose its original designation under this Protective Order and shall assume the designation proposed by the objecting party.

C.     If such a motion is timely filed within five (5) days of receipt of said notice of objection, the original designations shall remain effective until ten (10) days after entry of an order re-designating the materials and during the pendency of any appeal, petition, or request for reconsideration filed within the ten-day period after entry of the order.   In any such motion, the Designating Party shall have the burden of establishing that the designation meets the standards of Section II of this Protective Order.

D.     Neither party is obligated to challenge the propriety of any Designated Materials and a failure to do so in this action does not preclude a subsequent attack on the propriety of the designation.

**VIII.   LIMITATIONS ON USE OF DESIGNATED MATERIAL.**

Designated Materials under this Protective Order may be disclosed and used only for the purpose of litigating this proceeding, and any appeal of this proceeding, and for no other purpose whatsoever, except with the Designating Party's prior written approval or as ordered by the Court.

**IX.   COURT FILINGS.**

If the parties and their counsel seek to submit, present, or file with the Court any document or information designated "CONFIDENTIAL" (including but not limited to deposition transcripts, discovery responses, memoranda, filings and/or exhibits), such party shall file a motion requesting that the document or information be filed under seal pursuant to Fed. R. Civ. P. 26(c)(1) and M.D. Fla. Local Rule 1.11. Should the Court rule that such documents not be filed under seal, such ruling and filing will not otherwise vitiate the "CONFIDENTIAL" designation, unless otherwise ordered by the Court.

**X.   USE AT COURT PROCEEDINGS AND TRIAL.**

The parties shall discuss in good faith measures to be taken during pretrial and trial of the case to protect confidentiality in accordance with this Protective Order consistent with the right of the parties to present all necessary and appropriate evidence.   The parties shall reasonably endeavor to prepare their cases without any unnecessary disclosure of Designated Materials.   Nothing in this

Protective Order, however, prevents any party from using or offering into evidence any Designated Material at any hearing, trial, or subsequent proceeding in this litigation.   Nor does this provision prevent either party from seeking the removal of protected status of any document (or other protected materials) for purposes of trial via motion to the Court and notice to the other party.   This Protective Order also does not limit the admissibility of any evidence.

## XI.     NO PREJUDICE.

A.     This Protective Order shall not diminish any existing obligations or right with respect to Designated Material, except as expressly provided herein, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

B.     Unless the Court orders it, or unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during the trial of this action.

C.     Nothing in this Protective Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the right of the parties or non-parties to assert any applicable discovery or trial privilege, including the right to object to the production in discovery, or the introduction into evidence, of testimony, information, documents, or materials based on their confidential status or on any other appropriate basis.

## XII.   SUBPOENA BY NON-PARTIES, OTHER COURTS OR AGENCIES.

If a non-party, another court, or an administrative agency subpoenas or orders production of material designated for protection under this Protective Order which a party has obtained under the terms of this Protective Order, such party shall promptly notify the Designating Party of the existence and terms of such subpoena or order and of the deadline by which material responsive to the subpoena or order must be produced.   Before producing such documents, the party receiving the subpoena must give the Designating Party at least ten (10) days' notice to allow the Designating Party time to file a motion with the Court requesting protection against such production.   The Designated Material should not be produced until a decision is rendered on such motion.

## XIII.   INADVERTENT   PRODUCTION   OF   "CONFIDENTIAL"   OR PRIVILEGED MATERIALS.

In the event that a party produces to another party documents that are protected from disclosure—under the attorney-client privilege, the attorney work product doctrine, or other applicable privileges or doctrines—the protection is not waived if the producing party, within a reasonable time after the date of production, notifies the receiving party in writing pursuant to Fed. R. Civ. P. 26(b)(5)(B) or 45(e)(2)(B) that such documents were inadvertently produced and are protected by an applicable privilege or doctrine.   Upon receipt of such written notification, the receiving party shall return such documents to the producing party within five (5)

days.   Nothing in this Paragraph shall preclude the receiving party from asserting that the claimed protection from disclosure has been waived or otherwise does not apply.   The mere inadvertent disclosure of such documents, however, shall not be grounds for asserting that any protection from disclosure has been waived or otherwise does not apply.

## XIV.   FINAL DISPOSITION.

Upon final termination of this lawsuit, including any appeals,

A.      All Designated Materials including all copies, abstracts, summaries, documents or materials containing information taken from them shall be either returned to counsel for the Designating Party or destroyed.

B.      All Parties or persons that received Designated Material, including witnesses, deponents, consultants and all others who received Confidential Information, shall certify, in writing, that all Designated Material in their possession has been destroyed or returned with the certification.   These certifications shall be delivered to the Designating Party within thirty (30) days after termination of the action.

## XV.   STUDENT AND THIRD-PARTY EMPLOYEE INFORMATION.

In addition to the exchange of potentially confidential information outlined above, disclosure or discovery material that provides the identity of current/past students ("Students") or current/past employees ("Employees") of Defendants

qualifies for protection under this Order and must be handled as follows:

A.      Treatment of Student and/or Employee Identities.

1.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the producing party shall affix a redaction over each Students' identity and Employees' identity for personnel matters, which states "Student Number" or "Employee Number" followed by a number assigned by the University's counsel ("Number").   All Students and Employees and their corresponding Number will be maintained on a legend (all versions hereinafter referred to as "Legend") that should, at all times and for all versions, remain confidential absent further agreement or court order.   All versions of the Legend shall be marked "CONFIDENTIAL."   The Legend shall not be filed absent Court Order.

2.      For testimony given in deposition or in other pretrial proceedings, Numbers reflected on the Legend, and on the redacted documents, shall be used to refer to Students and Employees on the record. To the extent Students' identities or Employees' identities on personnel matters are disclosed in such proceedings, Student and Employee identities shall be redacted and replaced with the corresponding Number from the Legend before any filing.   The Legend shall not be filed absent Court Order.

3.      For Student identities and Employee identities produced or provided in some form other than documentary and for any other tangible items, the protected Student and Employee information shall be assigned a Number, added to the Legend by the University, and redacted consistent with this Order before any such testimony is filed in the record unless otherwise provided herein.   The Legend shall not be filed absent Court Order.

B.      Inadvertent Failure to Redact Student and/or Employee Identities. An inadvertent failure to redact Student and/or Employee identities does not waive the right to secure protection under this Order for such material.   Each party shall advise the other if it discovers such information is not designated by a redaction pursuant to this Order.   Upon correction of a designation, both parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

C.      Documents Regarding Students or Employees from Non-Parties. Third parties who provide documents regarding Students and Employees require counsel to treat documents consistent with this Order and redact Students' identities and Employees' identities and replace same with Numbers consistent with the Legend.

D.      Disclosure of Student and/or Employee Identities.      Materials

containing Student and/or Employee identities shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

      1.     Witnesses or Prospective Witnesses:   Student and Employee identities, including the Legend, may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness.

      2.     Outside Experts: Student and Employee identities, including the Legend, may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation.

      3.     Other Persons: Student and Employee identities, including the Legend, may be provided as necessary to copying services, translators, and litigation support firms.

E.     Pre-Disclosure Obligations. Prior to disclosing or displaying any Student and/or Employee identities to any person permitted pursuant to this Order, counsel shall:

      1.     Inform the person of the confidential nature of the Student and/or Employee identities;

      2.     Inform the person that this Court will enforce this Order and

enjoin: i) the use of the Student and/or Employee identities by him/her for any purpose other than this litigation; and ii) the disclosure of that information or documents, directly or indirectly, to any other person.

3.     Obtain agreement from each such person that he or she is bound by this Order, by signing a document substantially in the form of Exhibit A or agreeing to be bound by Exhibit A on the record.   In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A or agreement to the commitments on the record, the party desiring to disclose the confidential information may seek appropriate relief from the Court. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

F.     Protection of Student and/or Employee Identities.   A person having custody of Student or Employee identities, including the Legend, shall maintain it in a manner that limits access to the Student and Employee identities to persons permitted such access under this Order.

G.     Filing of Student and/or Employee Identities.   Filing pleadings or other papers disclosing or containing Student or Employee identities does not waive the designated status of the material.   However, if it becomes necessary to file a document identifying a Student(s), or Employee(s) identity, specifically including the Legend, counsel should move to file the Student or Employee identity

under seal or otherwise seek relief from the Court, after all required conferrals.   A motion to seal must specifically address why filing versions of the documents redacting Student and/or Employee identities would not provide sufficient protections.   *See* Local Rule 1.11(c)(3)(C).

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Marissa Giannerini v. Embry-Riddle Aeronautical University*, have been designated as confidential.   Specifically, I have been informed that any such documents or information identifying any current or former student, or employee personnel matter, of the University is confidential pursuant to a Court Order.   I hereby agree that I will not disclose any information contained in such documents to any other person.   I further agree not to use any such information for any purpose other than this litigation.


By:_____

Printed: _____

Date:_____