# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARISSA GIANNERINI,

      Plaintiff,

v.                                                                Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

      Defendant

---

## ORDER

This cause comes before the Court following a hearing on Plaintiff's Motion to Compel Answers and Responses to Plaintiff's First Set of Discovery (Doc. No. 55), Plaintiff's Motion to Compel Answers and Responses to Plaintiff's Second Set of Discovery (Doc. No. 56), and Defendant, Embry-Riddle Aeronautical University's Motion for Protective Order, or to Quash, Athletic Association Subpoenas (Doc. No. 63). This Order memorializes the rulings made at the hearing. *See* Doc. Nos. 62, 72, 74.

Accordingly, for the reasons set forth on the record at the hearing, it is **ORDERED** as follows:

1.  Plaintiff's Motion to Compel Answers and Responses to Plaintiff's First Set of Discovery (Doc. No. 55), is **GRANTED in part and DENIED in part**. It is **ORDERED** as follows:

 a. The temporal scope on all of the Interrogatories and Requests for Production ("RFPs") at issue in the motion and set forth in Plaintiff's First Set of Discovery (Doc. Nos. 55-1, 55-2; *see also* Doc. No. 69) shall be the time period of **August 1, 2015 through December 31, 2022**, unless otherwise explicitly specified herein.

 b. The motion with respect to Interrogatory No. 8 is **GRANTED in part and DENIED in part**, and Interrogatory 8 is hereby limited to complaints against coaches and assistant coaches only, further limited to complaints regarding dishonesty, maltreatment of students, and NCAA violations alone.

 c. The motion with respect to RFP 13 is **DENIED**, as Plaintiff withdrew the motion with regard to RFP 13 at the hearing.

 d. The motion with respect to RFP 14 is **GRANTED**, and Defendant must respond to RFP 14 as written in full, subject to the temporal limitations set forth above.

 e. The motion with respect to RFP 16 is **DENIED**, as the request is overbroad.

f. The motion with respect to RFP 21 is **GRANTED in part and DENIED in part**, and RFP 21 is hereby limited to documents, unless otherwise privileged, written by Brandon Young, John Phillips, or Meachelle Felps-Darley, to each other or to Charles Sevastos and/or Andrea Hooper, that reflect or refer to Plaintiff's mental health condition or bipolar diagnosis.

g. The motion with respect to RFP 23 is **GRANTED in part and DENIED in part**, and RFP 23 shall be limited to documents, unless otherwise privileged, related to any formal complaints, charges, or formal grievances by Plaintiff of disability discrimination or other protected conduct covered by Title VII.

h. The motion with respect to RFP 24 is **GRANTED in part and DENIED in part**, and RFP 24 shall be limited to documents, unless otherwise privileged, referring to any investigation conducted by Defendant regarding anonymous emails and/or complaints (whether or not anonymous) of dishonesty, maltreatment of students, or NCAA violations by Plaintiff.

i. The motion with respect to RFP 25 is **DENIED**, as the request is subsumed by RFP 23.

j. The motion with respect to RFP 29 is **DENIED**, as the request is subsumed by RFP 23.

k. The motion with respect to RFP 30 is **DENIED**, as the request is subsumed in other requests.

l. The motion with respect to RFPs 31–33 is **GRANTED in part and DENIED in part**. Defendant will be required to produce from the personnel files of Brandon Young, John Phillips, and Meachelle Felps-Darley documents regarding "promotion, demotion, transfer, complaints, policy violations, performance or behavior counseling, performance evaluations or reviews, reprimands and discipline of any kind including but not limited to termination." *See Freeman v. Motorola Sols., Inc.*, No. 6:19-cv-2116-Orl-78GJK, 2020 WL 10319159, at *5 (M.D. Fla. Oct. 7, 2020).

m. The motion (Doc. No. 55), including the request for attorney's fees, is **DENIED in all other respects**.

n. Within **thirty (30) days** of this Order, Defendant must supplement its responses and production to the First Set of Discovery (Doc. Nos. 55-1, 55-2) as outlined herein.

o. To the extent that Defendant claims that it does not have responsive documents to any of outstanding discovery requests,

>Defendant shall supplement its discovery response(s) to state same, and must support such response with an affidavit or declaration under penalty of perjury setting forth the efforts taken to identify responsive documents.

2. Plaintiff's Motion to Compel Answers and Responses to Plaintiff's Second Set of Discovery (Doc. No. 56), is **GRANTED in part and DENIED in part**. It is **ORDERED** as follows:

>a. The temporal scope on all of the Interrogatories and Requests for Production ("RFPs") at issue in the Motion and set forth in Plaintiff's Second Set of Discovery (Doc. Nos. 56-1, 56-2; *see also* Doc. No. 69) shall be the time period of **August 1, 2015 through December 31, 2022**, unless otherwise explicitly specified herein.

>b. The motion with respect to Interrogatory 17 is **GRANTED in part**. At the hearing, Defendant agreed to provide an organizational chart(s) identifying assistant coaches. If such organizational chart(s) does not exist, it is **ORDERED** that Defendant shall provide Plaintiff a list of names of assistant coaches employed by Defendant in Defendant's athletic programs during the relevant period.

>c. The motion as to Interrogatory 18 is **DENIED** on relevancy grounds.

    d.    The motion as to Interrogatory 19 is **GRANTED in part and DENIED in part**, and Interrogatory 19 shall be limited to complaints against coaches and assistant coaches only, and further limited to complaints regarding dishonesty, maltreatment of students, and NCAA violations alone.

    e.    The motion as to Interrogatory 20 is **GRANTED in part and DENIED in part**, and Interrogatory 20 shall be limited to internal investigations regarding complaints against coaches and assistant coaches only, and further limited to complaints regarding dishonesty and maltreatment of students.

    f.    The motion as it relates to RFP 4 is **GRANTED**, as limited by Plaintiff in conferrals regarding RFP 4.  *See* Doc. No. 56-3, at 7. Defendant's relevancy objection is **OVERRULED**.  Within **seven (7) days** of the date of this Order, the parties shall meet and confer to come to an agreement regarding search terms.  According to Plaintiff's counsel, the documents should be stored in email communications or on a local drive.

    g.    The motion as it relates to RFP 5 is **GRANTED**, as limited by Plaintiff in conferrals regarding RFP 5.  *See* Doc. No. 56-3, at 8. Within **seven (7) days** of the date of this Order, the parties shall meet

and confer to come to an agreement regarding search terms. According to Plaintiff's counsel, the documents should be stored in email communications or on a local drive.

h. The motion as it relates to RFP 6 is **DENIED**.

i. The motion as it relates to RFP 7 is **DENIED**.

j. The motion as it relates to RFP 8 is **GRANTED in part and DENIED in part**. To the extent that they exist, Defendant must produce end-of-year evaluations of Plaintiff by the student-participants in the women's lacrosse program during Plaintiff's employment.

k. The motion as it relates to RFPs 9–22 is **GRANTED in part and DENIED in part** as follows:

    i. The motion as to RFPs 9, 10, and 11 is **DENIED** to the extent it seeks information regarding Curtis Kline and Steve Samples, who Plaintiff admitted are not coaches. The motion as to RFPs 15 and 16 is **DENIED** for the same reasons. The motion as to RFP 9 is further **DENIED** because the remaining information requested is encompassed by the production of portions of the individuals' personnel files as ordered below.

ii. RFPs 10 and 11 are hereby limited to any complaints of dishonesty, maltreatment of students, and formal investigations related thereto of the remaining nine (9) enumerated individuals (Samantha Baggets-Bohon, Brian Frank, Dave Gregson, Chad Keller, Chuck Polito, Kelsey Dunn, Leah Peppelman, Joslynn Gallp, and Liam McIlhatton).

iii. RFPs 12–14 and 17–22 are hereby limited to production from the personnel files of the enumerated persons documents regarding "promotion, demotion, transfer, complaints, policy violations, performance or behavior counseling, performance evaluations or reviews, reprimands and discipline of any kind including but not limited to termination." *See Freeman*, 2020 WL 10319159, at *5.

iv. Given Defendant's representations that performance evaluations are completed on a summer-to-summer basis, Defendant shall produce evaluations that cover the 2015 to 2016 academic year, as well as the end of the 2022 academic year (which defense counsel represented was approximately June 2023).

l. The motion as it relates to RFP 23 is **GRANTED in part**, and Defendant's attorney-client privilege objection is **OVERRULED**. Defendant shall produce from the personnel file of Charles Sevastos documents regarding "promotion, demotion, transfer, complaints, policy violations, performance or behavior counseling, performance evaluations or reviews, reprimands and discipline of any kind including but not limited to termination." *See Freeman*, 2020 WL 10319159, at *5.

m. The motion as it relates to RFP 24 is **DENIED**, as Plaintiff withdrew the motion with regard to RFP 24 at the hearing.

n. The motion as it relates to RFP 25 is **DENIED**, as RFP 25 is grossly overbroad and duplicative of other discovery requests already addressed.

o. The motion as it relates to RFP 26 is **GRANTED in part and DENIED in part**, and RFP 26 is hereby limited to communications, unless otherwise privileged, between Defendant ("Defendant" to be defined solely as John Phillips, Brandon Young, Meachelle Felps-Darley, Andrea Hooper, Charles Sevastos, and/or Plaintiff) and Leah Peppelman during Plaintiff's employment, related to (1) Plaintiff's mental health or bipolar diagnosis, (2) the investigation regarding

Plaintiff, Plaintiff's termination, and (3) Ms. Peppelman's job duties and responsibilities after Plaintiff was terminated. Within **seven (7) days** of the date of this Order, the parties shall meet and confer to come to an agreement regarding search terms, as necessary.

p.   The motion as it relates to RFP 27 is **GRANTED in part and DENIED in part**, and RFP 27 is hereby limited to communications between Defendant ("Defendant" to be defined solely as John Phillips, Brandon Young, Meachelle Felps-Darley, Andrea Hooper, Charles Sevastos, and/or Plaintiff) and Jeff Martindale solely related to Defendant's investigation regarding Plaintiff.

q.   The motion (Doc. No. 56) is **DENIED in all other respects**. Both parties' requests for fees are **DENIED**.

r.   Within **thirty (30) days** of this Order, Defendant must supplement its responses and production to the Second Set of Discovery (Doc. Nos. 56-1, 56-2) as outlined herein.

s.   To the extent that Defendant claims that it does not have responsive documents to any of outstanding discovery requests, Defendant shall supplement its discovery response(s) to state same, and must support such response with an affidavit or declaration under

penalty of perjury setting forth the efforts taken to identify responsive documents.

3. Defendant's Motion for Protective Order, or to Quash, Athletic Association Subpoenas (Doc. No. 63)[1] is **GRANTED** at this time, for the reasons set forth at the hearing, including that the subpoenas are grossly overbroad, and given Defendant's representations that NCAA and SSAC policies are wholly unrelated to the reasons for Plaintiff's termination. The Court makes no ruling regarding Plaintiff's Third Request for Production of Documents to Defendant (Doc. No. 63-3) which is not before the Court at this time.

4. **Failure to comply with this Order may result in the imposition of sanctions.** See **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court treated the motion as one for a protective order alone, and did not address the request to quash the subpoenas.