UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:22-CV-01580-PGB-LHP

GUILLERMINA LOPEZ, on behalf of
the Embry-Riddle Aeronautical
University DC Retirement Plan,
individually and as a representative of a
class of participants and beneficiaries,

    Plaintiff,

v.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant.
_____/

**DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S**
*TIME SENSITIVE* **MOTION FOR PROTECTIVE ORDER
AS TO ITS IN-HOUSE COUNSEL**

    ERAU requests protection from the deposition of Charlie Sevastos, ERAU's VP/GC, one of **eight** depositions noticed by Plaintiff, based on Rule 26(c)(1)(A)&(C), Rule 26(b)(2)(C)(i)-(iii), and the apex doctrine.

    On December 18, 2023, Plaintiff served Sevastos for deposition to occur on **January 12, 2024**, Exhibit A, and has refused to reset it despite ERAU's unavailability, Exhibit B. Regardless, ERAU is entitled to protection from this deposition because it is an improper apex deposition and for other good cause described herein.

1

Courts have long recognized that high-level executives "need some measure of protection from the courts because they are 'vulnerable to numerous, repetitive, harassing, and abusive depositions.'." *Asberry v. Sch. Bd. of Pasco*, 2019 WL 12383128,*1 (M.D.Fla. 2019). Thus, the party seeking the apex deposition has the burden to show it is necessary. *Sun Capital Partners, Inc. v. Twin City Fire*, 310 F.R.D. 523,527 (S.D.Fla. 2015) (requiring unique, non-repetitive knowledge and exhaustion of less intrusive discovery means without success); Discovery Handbook (II)(A)(6) (Middle District disfavors senior management depositions when information available elsewhere).

Sevastos does not have unique information in light of the extensive discovery completed. *Skytruck Co., LLC v. Sikorsky Aircraft*, 2011 WL 13141023,*2 (M.D.Fla. 2011). ERAU has produced 21,000+ pages that delineate the Committee's processes, including the minutes of each Committee meeting, the Plan's Investment Policy Statements, and Committee reference materials such as Investment Reviews and Fiduciary Benchmark Reports. Plaintiff deposed Brandon Young, Chair of the Committee, as an individual and Rule 30(b)(6) corporate representative. Young testified *extensively* about the Committee's processes and issues considered. Members, "incredibly rarely", if ever, had "conversations outside of normal committee meetings". Exhibit C, pg.104.

Discovery has been exhausted with success; any minute details can be discovered by less intrusive means. Moreover, Plaintiff seeks 10 total depositions and

has set Sevastos as number three (in light of the failure to properly notice others). Plaintiff has not met her burden for this apex deposition.

The deposition would be cumulative/duplicative and seek discovery more easily obtained from a different source. Rule 26(b)(1); *Cossio v. Fountainebleau Florida Hotel*, 2009WL10699423,*4 (S.D.Fla. 2009). It is not "proportional" because discovery is complete, he is in-house counsel, and the expense to ERAU to prepare him would outweigh the likely benefit. *Continuum on S. Beach Condo. v. QBE Ins.*, 338 F.R.D. 668,670 (S.D.Fla. 2021). Applying Rule 26(b)(2)(C), the Court "must" limit the deposition.

ERAU has not waived its entire attorney-client and work-product privileges by Sevastos serving on the Committee either. ERAU has the right to protected communications including those regarding this case. These interwoven issues on joint duties would **unnecessarily complicate** the deposition, threaten to intrude on ERAU's case strategy, and unnecessarily increase discovery costs.

Plaintiff also seeks Sevastos' deposition in retaliation for discovery positions ERAU has taken in this case, including originally failing to agree to schedule five Committee depositions and refusing to agree to an additional 45 days for fact discovery. Plaintiff's intent is to harass, retaliate, oppress, and embarrass. There is "good cause" for protection.

## Local Rule 3.01(G)

ERAU's counsel hereby certifies that counsel for ERAU conferred with Plaintiff's counsel several times by email and telephone regarding the relief requested herein.

Plaintiff served eight non-party subpoenas on Sevastos. Because Plaintiff has not properly noticed or subpoenaed the other seven non-parties, those depositions are not raised here. ERAU has tried to negotiate alternative deposition dates (subject to further objections), but Plaintiff has refused to reset, seemingly because she wants to get all deponents under subpoena first, *see* Exhibit D, despite the Discovery Handbook, Section II(A)(1), instructing she should be "reasonable about any necessary rescheduling."

## WORD COUNT CERTIFICATION

Consistent with the Court's Order on Discovery Motions, dated January 27, 2023, this motion does not exceed 500 words, exclusive of caption, signature block, and certifications.

Dated: August 11, 2023          Respectfully submitted,

*/s/ Allison Kahn*
Irma Reboso Solares (FBN 616140)
isolares@carltonfields.com
Sean W. Hughes (FBN 1038714)
shughes@carltonfields.com
CARLTON FIELDS, P.A.
2 MiamiCentral, Suite 1200
700 NW 1st Avenue
Miami, Florida 33136
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

>Markham R. Leventhal (FBN 616140)
>mleventhal@carltonfields.com
>Jason H. Gould (*pro hac vice*)
>jgould@carltonfields.com
>CARLTON FIELDS, P.A.
>Suite 400 West
>1025 Thomas Jefferson Street, NW
>Washington, DC 20007
>Telephone:  (202) 965-8100
>Facsimile:  (202) 965-8104
>
>Allison O. Kahn (FBN 496138)
>akahn@carltonfields.com
>CARLTON FIELDS, P.A.
>CityPlace Tower – Suite 1200
>525 Okeechobee Boulevard
>West Palm Beach, FL  33401-6350
>Telephone: (561) 659-7070
>Facsimile:  (561) 659-7368
>
>*Attorneys for Defendant Embry-Riddle*
>*Aeronautical University, Inc.*

## CERTIFICATE OF SERVICE

I CERTIFY that, on the 30th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

>/s/  *Allison Kahn*
>Allison Kahn