## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARISSA GIANNERINI,

        Plaintiff,

v.                                   Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

        Defendant

_____

### ORDER

    This cause came on for consideration without oral argument on the following

motions filed herein:

| | |
|---|---|
| **MOTION:** | **TIME-SENSITIVE MOTION TO COMPEL RULE 35 MENTAL EXAMINATION OF PLAINTIFF (Doc. No. 80)** |
| **FILED:** | **January 4, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **TIME-SENSITIVE MOTION TO EXTEND DEADLINE FOR DEFENDANT'S EXPERT WITNESS DISCLOSURE AND REPORT (Doc. No. 82)** |
| **FILED:** | **January 5, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

The Case Management and Scheduling Order ("CMSO") sets forth the following pertinent deadlines in this case:

- Plaintiff's Expert Witness Disclosures and Reports: December 5, 2023

- Defendant's Expert Witness Disclosures and Reports: January 4, 2024

- Rebuttal (if necessary): January 18, 2024

- Discovery: February 2, 2024

Doc. No. 23, at 3.

On January 4, 2024, Defendant filed a motion seeking to compel Plaintiff to attend a compulsory mental examination ("CME") on January 11, 2024, pursuant to Federal Rule of Civil Procedure 35.   Doc. No. 80.   Then, on January 5, 2024, Defendant filed a motion seeking to extend its expert disclosure and report deadline through January 18, 2024.   Doc. No. 82.   Plaintiff has timely responded in opposition to the first motion, upon Order of the Court.   Doc. No. 83.   *See* Doc. No. 81.   The time for Plaintiff to respond to the second motion has not yet elapsed, *see* Local Rule 3.01(c), but on review, the Court does not require a response.   Upon consideration, both motions will be denied for the reasons set forth herein.

The motions are interrelated, but the Court addresses the second-filed motion first.   Doc. No. 82.   This motion is premised on Defendant's stated belief that its

deadline to disclose its "rebuttal" expert and report is January 18, 2023. *Id.* However, "[s]hould the Court accept Plaintiff's argument that [Defendant's] report was due" on January 4, 2024, Defendant requests through January 18, 2024 to disclose its expert report resulting from the January 11, 2024 CME. *Id.* at 7. Defendant argues that there is good cause for this extension based on its honest belief that its "rebuttal" expert disclosure and report were due January 18, 2024,[1] and to the extent that belief was mistaken, it disclosed its CME expert to Plaintiff on December 22, 2023 and provided the expert's CV to Plaintiff on January 4, 2024. *Id.* at 9.

The Court finds Defendant's contentions unavailing. As an initial matter, Defendant's interpretation of the expert disclosure deadlines in the CMSO is illogical. The CMSO clearly provides that Defendant's expert disclosure and report deadline was January 4, 2024, and it is equally clear that the "rebuttal (if necessary)" deadline applied to Plaintiff's rebuttal of Defendant's expert(s), "if necessary." *See* Doc. No. 23, at 3. Defendant provides no authority supporting its

---

[1] According to Defendant, it "believed the deadline for the disclosure of its expert, Dr. Danziger, was January 18, 2024 because Dr. Danziger will rebut the anticipated testimony of Plaintiff's disclosed experts," which were timely disclosed on December 5, 2023. Doc. No. 82, at 8.

interpretation to the contrary, and to accept Defendant's argument would render Defendant's January 4, 2024 expert disclosure and report deadline superfluous.[2]

Defendant must otherwise establish good cause for its inability to meet the January 4, 2024 deadline in the CMSO.   *See* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).   And given that the motion was filed on January 5, 2024—after expiration of Defendant's deadline—Defendant must also establish excusable neglect.   *See* Fed. R. Civ. P. 6(b)(1)(B).   Defendant has done neither.   Excusable neglect is not even addressed in the motion.   *See* Doc. No. 82. And good cause is not present, as Defendant nowhere explains why, by exercising diligence, it could not have completed the CME earlier in the discovery period.   *See Sosa*, 133 F.3d at 1418 ("If a party was not diligent, the good cause inquiry should end." (citation and alterations omitted)).   Notably, in support of its CME request, Defendant relies on the allegations of the complaint—filed on November 9, 2022— to argue that Plaintiff's mental condition is in controversy.   *See* Doc. No. 80, at 2 (citing, *inter alia*, Doc. No. 1).

Moreover, to the extent that Defendant argues that Plaintiff agreed to the January 11, 2024 date for the CME, this argument is unpersuasive, as the parties

_____

[2] Moreover, Defendant provides no legal authority supporting its position that its CME expert would be defined as a "rebuttal" expert.   *See* Doc. No. 82.

may not unilaterally agree to modify the CMSO deadlines without approval by the

Court.   *See* Doc. No. 23, at 3.[3]   And insofar as Defendant is arguing that it disclosed

its CME expert to Plaintiff on December 22, 2023 and provided the expert's CV on

January 4, 2024, this is not enough to comply with the provisions of Federal Rule of

Civil Procedure 26.   *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring written report signed

by "the witness . . . retained or specially employed to provide expert testimony in

the case"); *see also generally Warner v. Ventures Health Care of Gainesville, Inc.*, No.

5:00-cv-308-Oc-10GRJ, 2001 WL 36098008, at *2 (M.D. Fla. Aug. 1, 2001) ("Rule

26(a)(2)(B) clearly requires that a party's expert disclosure include a written report

prepared and signed by the expert witness. . . .   [T]he disclosure of the name of the

expert witness is insufficient to meet the requirements of Rule 26(a)(2) (A) & (B).").[4]

Accordingly, because Defendant's motion fails to establish excusable neglect,

good cause, and diligence, the motion to extend its expert disclosure and report

deadline (Doc. No. 82) is **DENIED**.   *See* Doc. No. 23, at 9 ("The deadlines

---

[3] And while the Court does not condone gamesmanship, nor is it Plaintiff's job to point out Defendant's deadlines for it, as Defendant seems to suggest.   *See* Doc. No. 82, at 2–6.   Also, as Plaintiff points out, in seeking extensions of case deadlines, she specifically noted Defendant's January 4, 2024 expert disclosure and report deadline, and that the January 18, 2024 rebuttal expert disclosure deadline was Plaintiff's alone.   *See* Doc. No. 57, at 2, 11; Doc. No. 57-42, at 2; *see also* Doc. No. 83, at 1 n.1.

[4] Notably, the CMSO provides the same deadline for "expert witness disclosures *and* reports." Doc. No. 23, at 3 (emphasis added).

established in this CMSO are purposeful and are not advisory.   Thus, the Court generally denies motions to extend such deadlines or to continue the proceedings. . . .   [T]he Court will grant such motions only upon showing of good cause—which requires **diligence**." (emphasis in original)).[5]

Defendant's motion to compel Plaintiff's CME will likewise be denied. "Although Federal Rule of Civil Procedure 35 itself does not prescribe a time limit for the filing of a motion for physical or mental examinations of persons, this rule must be read in conjunction with Federal Rule of Civil Procedure 26(a)(2), which governs expert witness disclosures."   *Ring v. Boca Ciega Yacht Club Inc.*, No. 8:19-cv-772-T-33JSS, 2020 WL 13652454, at *2 (M.D. Fla. Jan. 3, 2020) (quoting *Roberson v. Church*, No. 3:09-cv-372-J-34MCR, 2009 WL 4348692, at *1 (M.D. Fla. Nov. 24, 2009)). "A Rule 35 request—which by its terms necessarily generates an expert report— needs to be timed in compliance with the deadlines prescribed by the Court."   *Id.* (quoting *Roberson*, 2009 WL 4348692, at *1).   *See also Malvaes v. Constellation Brands, Inc.*, No. 14-21302-CIV, 2015 WL 3863639, at *2, n.1 (S.D. Fla. June 22, 2015) ("[T]he party seeking a Rule 35 examination, and intending to rely on the examiner at trial, must be cognizant of the deadlines for expert disclosures." (citations omitted));

---

[5] The Court further notes that Defendant vigorously opposed Plaintiff's request for an extension of deadlines in this case, which would have included Defendant's expert disclosure and report deadline.   *See* Doc. Nos. 57, 65, 66.

*Lamour v. Applied Credit Sys., Inc.*, No. CIV 02-80318, 2003 WL 25537162, at *2 (S.D. Fla. Aug. 5, 2003) ("[A] Rule 35 request—which by its terms necessarily generates an expert report—needs to be timed at a point during the pretrial discovery phase which allows for accommodation of the expert witness disclosure deadlines.").

Here, as discussed above, Defendant's expert disclosure and report deadline passed on January 4, 2024, and Defendant has not provided good cause for an extension of that deadline.  *See* Doc. No. 23, at 3.   Thus, the Court will not compel a January 11, 2024 CME for purposes of Defendant's submission of an expert report. *See, e.g.*, *Rodriguez v. GEICO Gen. Ins. Co.*, No. 06:19-cv-1862-Orl-40GJK, 2020 WL 5983334, at *1-2 (M.D. Fla. June 25, 2020) (citing *Lamour*, 2003 WL 25537162, at *1–2) (reading Rule 35 and Rule 26 in conjunction and denying request for CME to occur 16 days after the defendant's expert disclosure deadline and 17 days before the close of discovery because "the requested exam [was] scheduled too late in the progression of this case to grant the Motion [and] Defendants provide no justifiable reason for the delay"); *Ring*, 2020 WL 13652454, at *2 (denying request for CME to occur on the last day of discovery and after expiration of the deadline for expert reports, finding that it would be futile because an expert report could not be properly prepared within the case deadlines); *see also Malvaes*, 2015 WL 3863639, at *2 ("Armed with the knowledge that their defense substantially relied on a medical examination of the Plaintiff, Defendants knew or should have known that they

needed to move to compel the medical examination with sufficient time to meet the fact discovery deadline . . . and the Defendants' expert disclosure deadline . . . ."). And "at this stage, the Court cannot authorize Defendant's proposed examination without impacting the current case deadlines." *See Ring*, 2020 WL 13652454, at *2. Defendant apparently "made a strategic decision to wait until after Plaintiff disclosed [her experts] to begin [its] search for a damages expert.   The predicament that decision led to does not constitute good cause for belated attempts at discovery." *See Malvaes*, 2015 WL 3863639, at *2.

Accordingly, Defendant's motion to compel the January 11, 2024 CME (Doc. No. 80) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 8, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties