UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:22-cv-02075-RBD-LHP

MARISSA GIANNERINI,

    Plaintiff,

v.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant.

_____/

**DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S**
***TIME-SENSITIVE* MOTION FOR PROTECTIVE ORDER REGARDING
DEPOSITION OF ITS IN-HOUSE COUNSEL**

ERAU requests protection from the **January 25, 2024**, deposition of Charlie Sevastos, ERAU's Vice President and General Counsel. Exhibit 1.

Courts have long recognized that high-level executives "need some measure of protection from the courts because they are 'vulnerable to numerous, repetitive, harassing, and abusive depositions.'." *Asberry v. Sch. Bd. of Pasco*, 2019 WL 12383128,*1 (M.D.Fla. 2019). The party seeking the apex deposition has the burden to show it is necessary. *Sun Capital Partners, Inc. v. Twin City Fire*, 310 F.R.D. 523, 527 (S.D.Fla. 2015)(requiring **unique, non-repetitive knowledge and exhaustion of less intrusive discovery means without success**); Discovery Handbook(II)(A)(6) (Middle

1

District disfavors senior management depositions when information available elsewhere).

Plaintiff has not taken any depositions. Sevastos' Declaration, Exhibit 2, establishes he does not have unique or non-repetitive information. The same information regarding Plaintiff's termination can be obtained from lower-ranking employees, such as Hooper, Felps-Darley, Phillips, and Young, *Skytruck v. Sikorsky Aircraft*, 2011 WL 13141023,*2 (M.D.Fla. 2011), all of whom Plaintiff has noticed for deposition in late January without ERAU objection.

Moreover, Plaintiff scheduled Sevastos' deposition to occur on January 25, **before** Young's deposition on January 30, even though Young is a lower ranking employee, ran the investigation, and decided to terminate Plaintiff. Exhibit 3, Responses 2&3. Plaintiff has not pursued, unsatisfactorily, the information through less intrusive means. *See Asberry*, 2019 WL 12383128, at*2.

Regardless of apex, a Sevastos deposition would be unreasonably cumulative/duplicative and seek discovery more easily obtained from a different source.Rule 26(b)(1); *Cossio v. Fountainebleau Florida Hotel*, 2009WL10699423,*4 (S.D.Fla. 2009). It is not "proportional" because Plaintiff has or will have all other discovery, Sevastos 'touches' all actual and threatened litigation for ERAU, and the expense to ERAU to prepare him would outweigh the likely benefit. *Continuum on S. Beach Condo. v. QBE Ins.*, 338 F.R.D. 668,670 (S.D.Fla. 2021). Applying Rule 26(b)(2)(C), the Court "must" limit the deposition.

Even with the Court's Order (DE64) that Sevastos had some oversight into ERAU's investigation, ERAU has not waived its entire privilege as recognized by the Court in upholding ERAU's privilege log in part. ERAU still has the right to confidential communications, including those regarding this case. These interwoven issues on joint duties would unnecessarily complicate the deposition, threaten to intrude on ERAU's case strategy, and increase discovery costs, particularly where the information, is available through lower ranking employees who have not been deposed. Threats to ERAU's work-product and privilege through a Sevastos deposition would serve no purpose other than harass, create undue burden, annoy, and oppress ERAU.

For all of the reasons discussed herein, there is "good cause" to protect ERAU from the annoyance, embarrassment, oppression, and undue burden and expense of the deposition. Rule 26(c)(1). ERAU has identified "particular and specific", not "stereotyped and conclusory statements", *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978), and shows its interests in wasted resources outweighs Plaintiff's. *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989).

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, undersigned counsel for ERAU certifies that she conferred with Plaintiff's counsel, Ronald Angerer, via video conference on November 28 and December 5, 2023, during deposition scheduling conferences, and other times, in a good faith effort to resolve the issues raised in this motion. The parties did not agree on the resolution of all or any part of the motion.

## WORD COUNT CERTIFICATION

Consistent with the Court's Order on Discovery Motions, dated January 27, 2023, this motion does not exceed 500 words, exclusive of caption, signature block, and certifications.

DATED:  January 10, 2024.

                                        Respectfully submitted,

                                        */s/ Allison O. Kahn*
                                        Allison O. Kahn
                                        Florida Bar Number 496138
                                        E-mail: akahn@carltonfields.com
                                        Alana Zorrilla-Gaston
                                        Florida Bar Number 27256
                                        Email: agaston@carltonfields.com
                                        **CARLTON FIELDS, P.A.**
                                        CityPlace Tower – Suite 1200
                                        525 Okeechobee Boulevard
                                        West Palm Beach, FL  33401-6350
                                        Telephone: (561) 659-7070
                                        Facsimile:  (561) 659-7368


                                        *Attorneys for Defendant,*
                                        *Embry-Riddle Aeronautical University, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing system.

      */s/ Allison O. Kahn*

## SERVICE LIST

**Plaintiff, Marissa Giannerini v.
Defendant, Embry-Riddle Aeronautical University, Inc.
Case No. 6:22-cv-02075-RBD-LHP**

Neil Henrichsen, Esq.
Ronald P. Angerer, II, Esq.
Kadean Wilson, Esq.
HENRICHSEN LAW GROUP, PLLC
301 W. Bay St., 14th Floor
Jacksonville, FL 32202
rangerer@hslawyers.com
nhenrichsen@hslawyers.com
kwilson@hslawyers.com
service@hslawyers.com
*Attorneys for Plaintiff, Marissa Giannerini*
**VIA CM/ECF**