UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARISSA GIANNERINI,  Case No. 6:22-cv-02075-RBDLHP

　　Plaintiff,

v.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

　　Defendant.
_____/

**DECLARATION OF CHARLES W. SEVASTOS**

Pursuant to 28 U.S.C. § 1746, the undersigned declares as follows:

　　1.　　My name is Charlie Sevastos. I am over 18 years of age and *sui juris*. The statements set forth in this declaration are based upon my personal knowledge.

　　2.　　I am the Vice President and General Counsel of Defendant, Embry-Riddle Aeronautical University, Inc. ("ERAU"). I have been employed in this role since 2011. I originally joined ERAU in 2007 as Assistant General Counsel.

　　3.　　I am responsible for all legal matters affecting ERAU, regardless of subject, including all potential and actual litigation.

　　4.　　For the 2019 investigation regarding complaints of Plaintiff's conduct, I became involved because the parent of an ERAU student-athlete threatened to sue ERAU. The parent of the specific student-athlete, identified by the parties as Student 37 in discovery, made the allegations to John Phillips, ERAU's Athletic Director. ERAU's Vice President and Chief Human Resources Officer, Brandon Young, and/or

1

Mr. Phillips were present for communications I had with Plaintiff during the investigation involving Student 37. I did not have any communications with Student 37 during this investigation.

5. In August 2021, I received an email from someone using a pseudonym and claiming to be a student-athlete's parent. The email made claims of abuse against Plaintiff. Communications I had with Plaintiff during the investigation were in the presence of Mr. Young, who was in charge of the investigation.

6. During the interview of Plaintiff, in addition to Mr. Young and myself, Meachelle Felps-Darley, then Assistant Athletic Director for Compliance, was present at Plaintiff's request.

7. In late October 2021, I received an email from someone using a different pseudonym and claiming to be a student-athlete's parent. The email made claims of abuse against Plaintiff. Communications I had with Plaintiff during the investigation were in the presence of Mr. Young, who was in charge of the investigation.

8. Mr. Young and Andrea Hooper, ERAU's Director of Employment/Engagement, interviewed student-athletes regarding their respective interactions with Plaintiff. I did not interview any students. I was present to provide legal advice to ERAU and its employees concerning the investigation.

9. I do not have unique knowledge in this case as described above. All information could be obtained by a different source as described herein or elsewhere in discovery, including the emails that ERAU produced after the Court's ruling on ERAU's privilege log.

10. Preparing for and sitting for my own deposition would take me away from all of my other integral job duties, including handling time-sensitive concerns, for ERAU.

11. Sitting for my own deposition would be a tremendous burden on ERAU's time and resources. This is particularly true here where ERAU is already defending multiple depositions over a nine calendar day period at the end of January. These other depositions, and employee preparation for same, will require my time as well.

_____
**CHARLES W. SEVASTOS**