UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:22-cv-02075-RBD-LHP

MARISSA GIANNERINI,

    Plaintiff,

v.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant.

_____/

**DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF MARISSA GIANNERINI'S FIRST SET OF INTERROGATORIES**

Defendant, Embry-Riddle Aeronautical University, Inc., ("Embry-Riddle") by and through undersigned counsel, hereby answers and objects to Plaintiff's First Set of Interrogatories as follows:

### General Objections

1.    Defendant objects to Plaintiff's Definitions and Instructions that precede the specific interrogatories inasmuch as they seek to alter Defendant's obligations under the Rules of Procedure.

2.    To the extent any of Plaintiff's specific interrogatories are deemed to request attorney work-product or attorney-client communications, Defendant objects to that portion on the grounds that such Interrogatory seeks information privileged from disclosure. Defendant specifically objects to disclosure of same as to its Vice

**This Interrogatory could also be read to seek information from non-party individuals, particularly 30 student-athletes, that are not relevant nor proportional to the needs of the case and invades their rights of privacy.**

**Subject to, and without waiving such objections, Defendant responds by providing the name and contact information of those individuals who Defendant believes have personal knowledge of Plaintiff's performance or termination:**

   a. **Brandon Young**
      **Vice President and Chief Human Resources Officer, Embry-Riddle Aeronautical University**
      **c/o undersigned counsel**

      **Knowledge regarding Plaintiff's compensation, performance, discipline, and termination.**

   b. **Andrea Hooper**
      **Executive Director of Human Resources, Embry-Riddle Aeronautical University**
      **c/o undersigned counsel**

      **Knowledge regarding Plaintiff's compensation, performance, discipline, and termination.**

   c. **Mea Felps-Darley**
      **Assistant Athletic Director for Compliance, Embry-Riddle Aeronautical University**
      **c/o undersigned counsel**

      **Knowledge regarding Plaintiff's performance.**

   d. **John Phillips**
      **Athletic Director, Embry-Riddle Aeronautical University**
      **c/o undersigned counsel**

      **Knowledge regarding Plaintiff's performance and discipline.**

2. *Please state whether Plaintiff's job performance was less than satisfactory at any time during her employment with Defendant. If so, please describe, in detail: how Plaintiff's job*

*performance was less than satisfactory; who made the determination that Plaintiff's job performance was less than satisfactory; all persons involved in, consulted about or who had knowledge of Plaintiff's less than satisfactory job performance; what actions or steps were taken, if any, to address Plaintiff's less than satisfactory job performance, including whether Plaintiff was issued any discipline, placed on a performance improvement plan, or given a negative performance evaluation; and identify any documents concerning, relating to or reflecting that Plaintiff's job performance was less than satisfactory.*

**RESPONSE:**

**Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client or work-product privilege, specifically including any communications or documents by or between the Defendant's Vice President and General Counsel, Charlie Sevastos. Defendant stands on this objection and does not provide any information regarding such communications or work product herein.**

**Defendant also objects to this Interrogatory as not proportional to the needs of the case to the extent that it seeks information regarding every coaching or correction of Plaintiff's performance over the course of her entire employment. Subject to, and without waiving same, Defendant responds:**

**The Vice President of Human Resources, Brandon Young, and the Executive Director of Human Resources, Andrea Hooper, conducted a full investigation into misconduct allegations against Plaintiff. It was determined Plaintiff lied to Mr. Young about drinking alcohol in front of student-athletes and maltreated the student-athletes she led. As such, Mr. Young decided to fire Plaintiff because the University lost confidence in Plaintiff's ability to lead the Women's Lacrosse Team.**

**As to the remaining subsections of this Interrogatory, the information requested can be ascertained by a review of the documents being**

produced in response to Plaintiff's First Requests for Production to Defendant. Defendant states that the burden of deriving the answer will be substantially the same for both parties; therefore, Defendant will produce documents responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d).

3. *Identify any form of discipline levied against Plaintiff by Defendant during her employment with Defendant. For each form of discipline, identify: any request(s) or directive(s) that resulted in Plaintiff being disciplined; approvals for discipline of Plaintiff; any investigations resulting in discipline of Plaintiff; the reason(s) Plaintiff was disciplined; all persons involved in, consulted about, or providing input on the discipline of Plaintiff; and identify any documents concerning, relating to or reflecting the disciplinary action.*

**RESPONSE:**

**Defendant objects to this Interrogatory as not proportional to the needs of the case to the extent that it seeks information regarding every coaching or correction of Plaintiff's performance over the course of her entire employment. Subject to, and without waiving same, Defendant responds:**

**In January 2019 and August 2021, Defendant discussed with Plaintiff complaints of verbal abuse that had been made against her. Complaints continued to mount, which resulted in a full investigation of Plaintiff in November 2021, as further detailed in Response to Interrogatory Number 2.**

**The remainder of the information requested can be ascertained by a review of the documents being produced in response to Plaintiff's First Requests for Production to Defendant. Defendant states that the burden of deriving the answer will be substantially the same for both parties; therefore, Defendant will produce documents responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d).**

## VERIFICATION

I declare under penalty of perjury that the facts set forth in the foregoing Responses to Plaintiff's First Set of Interrogatories to Defendant Embry-Riddle Aeronautical University, Inc., are true and correct to the best of my knowledge and belief.

(SIGNATURE) _____

(PRINT NAME) Brandon L. Young

(PRINT TITLE) VP & CHRO

STATE OF Florida

COUNTY OF Volusia

Sworn to and subscribed before me this 24 day of April, 2023 by Brandon Young, who is personally known to me or produced _____ as identification.

_____

Notary Public, Volusia County

(NOTARIAL SEAL)



Notary Public State of Florida
DENISE DEVITO
My Commission GG 934146
Expires 11/24/2023

132068406.3

Page 15 of 17