# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARISSA GIANNERINI,

       Plaintiff,

v.                                                              Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

       Defendant

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S *TIME-SENSITIVE* MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF ITS IN-HOUSE COUNSEL (Doc. No. 85)**
>
> **FILED:** **January 10, 2024**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** **MOTION TO SEAL PURSUANT TO PROTECTIVE ORDER GOVERNING DISCOVERY (Doc. No. 86)**

> **FILED:** January 16, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

## I. MOTION FOR PROTECTIVE ORDER.

Defendant moves for a protective order preventing the deposition of its Vice President and General Counsel, Charlie Sevastos ("Sevastos"), which deposition Plaintiff has noticed for January 25, 2024. Doc. Nos. 85, 85-1. Plaintiff opposes. Doc. No. 87. Upon review, the motion for protective order will be denied.

First, Defendant's argument that Sevastos's deposition should be precluded under the apex doctrine, assuming the doctrine applies, is unpersuasive.[1] As the

---

[1] As explained by another Court in this District:

> [T]he apex doctrine "operates to protect high-level officers from depositions unless they possess 'unique or superior knowledge of discoverable information.'" While there is no per se rule prohibiting depositions of high-level officers, "courts frequently restrict efforts to depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique knowledge pertinent to the issues in the case." *Simon v. Pronational Ins. Co.*, No. 07-60757, 2007 WL 4893478, at *1 (S.D. Fla. Dec. 13, 2007) (quoting *Cardenas v. Prudential Ins. Co. of America*, 2003 WL 21293757 at *1 (D. Minn. May 16, 2003)). "[W]hen a high-ranking official of a corporation does not have any direct knowledge of the facts, it is inappropriate to compel his deposition without first deposing lesser-ranking employees who have more direct knowledge of the facts at issue." *Little League Baseball, Inc. v. Kaplan*, No. 08-60554-CIV, 2009 WL 426277, at *2 (S.D. Fla. Feb. 20, 2009) (quoting *Stelor Prods., Inc. v. Google, Inc.*, No. 05-80387, 2008 WL 4218107, at *4 (S.D. Fla. Sept. 15, 2008)).

*Howard v. Coonrod*, No. 6:21-cv-62-PGB-EJK, 2022 WL 20668007, at *2 (M.D. Fla. July 13,

record reflects, and the Court has previously found, Sevastos was directly involved in the investigation into Plaintiff that is at issue in this case. *See* Doc. Nos. 64, 76. Indeed, Sevastos's own declaration documents same. *See* Doc. No. 85-2 ¶¶ 4–8 (stating participation in 2019 investigation, receipt of threats to sue by student parents, communications with Plaintiff during the investigation, emails from parents, presence at interview with Plaintiff, and interviews with student athletes). Thus, this is not a case where Plaintiff is seeking to depose "a high-ranking official of a corporation [who] does not have any direct knowledge of the facts" at issue. *See Little League Baseball, Inc. v. Kaplan*, No. 08-60554-CIV, 2009 WL 426277, at \*2 (S.D. Fla. Feb. 20, 2009).

Moreover, a self-serving and conclusory assertion that Sevastos's knowledge regarding the investigation is not "unique," particularly in the absence of any legal authority in support, does not change this result, and indeed Sevastos's statement that he does not have unique knowledge appears to be contradicted by the remainder of his declaration. *See* Doc. No. 85-2 ¶¶ 4–9. *Cf. Jernigan v. Scholastic, Inc.*, No. 6:17-cv-2039-Orl-37KRS, 2018 WL 11323497, at \*1 (M.D. Fla. Sept. 17, 2018) (rejecting apex doctrine argument regarding deposition of president of company who was admittedly involved in high-level approval of the plaintiff's commissions

---

2022) (record citations omitted).

that were at issue in the case, even though the defendant disputed the extent of his involvement and extent of his knowledge); *Hickey v. N. Broward Hosp. Dist.*, No. 14-CV-60542-BLOOM, 2014 WL 7495780, at *3 (S.D. Fla. Dec. 17, 2014) (permitting apex deposition of CEO and president in Title VII case where there was indication that the CEO could have unique, firsthand, personal knowledge about the plaintiff's termination and the decision not to reinstate the plaintiff's employment, despite the CEO's declaration that he had no involvement in the decision to terminate the plaintiff's employment); *Gencor Indus., Inc. v. Contractors Heaven.com, Inc.*, No. 6:11-cv-653-Orl-18KRS, 2012 WL 13102511, at *1–2 (M.D. Fla. Jan. 25, 2012) (denying protective order on apex doctrine grounds where the former chairman and CEO averred that he had no personal knowledge of the facts alleged in the complaint, where the record reflected his involvement in day-to-day operation of the business and that he had knowledge of the history of the trademarks at issue, rejecting argument that the deposition was simply an attempt to harass where there was no evidence in support). Accordingly, the Court rejects Defendant's argument that the apex doctrine precludes Sevastos's deposition in this case.

Second, Defendant argues that Sevastos's deposition would be unreasonably cumulative/duplicative and that any information obtained from Sevastos could be more easily obtained from a different source. Doc. No. 85, at 2. But Defendant fails to explain how Sevastos's testimony would be duplicative/cumulative, and

cites no authority for the bald proposition that merely because there were multiple persons involved in the investigation the highest-ranking employee involved should not be deposed. *See id.*[2] And to the extent Defendant argues that Plaintiff is required to depose the other persons involved in the investigation/termination of Plaintiff's employment first, Defendant again cites no legal authority on point. *See id.*[3] And in any event, "[b]ecause discovery closes on [February 2, 2024], scheduling the deposition of [Sevastos] cannot be delayed until all other depositions are completed." *See Jernigan*, 2018 WL 11323497, at *1.

Finally, insofar as Defendant argues that information sought from Sevastos may be subject to the work-product or attorney-client privilege, Defendant fails to demonstrate why such objections would not properly be asserted at deposition. *Cf. Evanston Ins. Co. v. Republic Props., Inc.*, No. 6:16-cv-1649-Orl-40GJK, 2018 WL

---

[2] Defendant cites *Cossio v. Fountainebleau Florida Hotel, LLC.*, No. 07-21671-CIV, 2009 WL 10699423 (S.D. Fla. June 10, 2009), but that case involved an untimely request for deposition for use at trial, for which the Court required a showing of "compelling good cause," and which request the court found insufficiently supported and duplicative. Likewise, *Continuum on South Beach Condominium v. QBE Insurance Corp.*, 338 F.R.D. 668, 670 (S.D. Fla. 2021) involved the issuance of 32 subpoenas that the court found overbroad and irrelevant to the plaintiff's claim or the defendant's defenses, and the court noted that the defendant could more easily obtain the information sought from the plaintiff.

[3] Defendant relies on *Skytruck Co., LLC v. Sikorsky Aircraft Corp.*, No. 2:-09-cv-267-FtM-99SPC, 2011 WL 13141023, at *2 (M.D. Fla. May 11, 2011), and *Asberry v. School Board of Pasco County, Florida*, No. 8:18-cv-02222-T-35SPF, 2019 WL 12383128, at *1 (M.D. Fla. Aug. 20, 2019). However, in both of those cases there was a finding that the high-level officials had no personal knowledge of the issues in the case, unlike here.

11350656, at *3 (M.D. Fla. Jan. 30, 2018) (denying motion for protective order related to deposition and noting that objections that questions pertain to issues outside of the scope of discovery may be raised during the deposition); *see also F.D.I.C. v. Brudnicki*, No. 5:12-CV-00398-RS-GRJ, 2013 WL 5814494, at *4 (N.D. Fla. Oct. 29, 2013) ("[W]ithout the benefit of specific questions and objections the Court cannot determine *before* the deposition has been conducted whether answers to the questions would require the disclosure of work-product or possibly attorney-client privileged information."). However, if Defendant asserts privilege objections at the deposition, Defendant must fully comply with the Standing Order Regarding Privilege Logs. *See In Re: Procedure for Assertion of Privilege*, No: 6:19-mc-32-Orl-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.

## II. MOTION TO SEAL.

Plaintiff, in response to Defendant's motion for protective order, asked to file under seal items marked by Defendant as confidential during discovery. Doc. No. 86. Given that the Court has now resolved the motion for protective order without consideration of the documents at issue, the motion will be denied as moot. However, the Court also notes that the motion was due to be denied in any event because it fails to comply with Local Rule 3.01(a). In addition, the motion fails to

comply with Local Rule 1.11(d), as it is Defendant's allegedly confidential information at issue.

## III. CONCLUSION.

For the reasons discussed herein, Defendant's Time-Sensitive Motion for Protective Order Regarding Deposition of Its In-House Counsel (Doc. No. 85) is **DENIED**.  Plaintiff's Motion to Seal Pursuant to Protective Order Governing Discovery (Doc. No. 86) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on January 17, 2024.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties