# Kahn, Allison Oasis

| | |
|---|---|
| **From:** | Ronald Angerer <rangerer@hslawyers.com> |
| **Sent:** | Wednesday, January 17, 2024 4:54 PM |
| **To:** | Kahn, Allison Oasis; Zorrilla-Gaston, Alana E. |
| **Cc:** | Neil Henrichsen; Chloe Clay; Renee Cook; Saltzman, Debra; Meehan, June B.; wpbecf@cfdom.net |
| **Subject:** | SERVICE OF COURT DOCUMENTS / CASE NO. 6:22-CV-02075-RBD-LHP, MARISSA GIANNERINI V. EMBRY-RIDDLE |
| **Attachments:** | Giannerini - 30B6 Depo Notice (01172024).pdf |

| Court: | United States District Court, Middle District of Florida, Orlando Division |
|---|---|
| Case Name: | Marissa Giannerini v. Embry-Riddle Aeronautical Univ., Inc. |
| Case No.: | 6:22-cv-02075-RBD-LHP |
| Document(s): | 1. Plaintiff's Notice of Taking Deposition Pursuant to FRCP 30(b)(6) |
| Serving Attorney: | Ronald P. Angerer, II, Esq. |
| Attorney Contact: | (904) 381-8183 |
| Counsel Served: | Allison Kahn, Esq. (Lead Counsel) <br> Alana Zorrilla-Gaston, Esq. |

Best Regards,

**Ronald Paul Angerer, II**
**Admitted in Florida**
**Board Certified Specialist, Labor & Employment Law**

301 W Bay Street, Suite 1400, Jacksonville, Florida 32202
P: (904) 381-8183 | F: (904) 381-8191 |
E: rangerer@hslawyers.com

www.hslawyers.com



Please consider the environment before printing this email.

A law firm is sending this message; it is intended for the exclusive use of the individual or entity that is the named addressee and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify me immediately by e-mail, discard any paper copies and delete all electronic files of the message.

IRS Circular 230 Disclosure:  As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any tax information or written tax advice contained herein (including any attachments) was not written or intended to be used (and cannot be used) by any taxpayer for the purposes of avoiding any tax penalties that may be imposed under the U.S. Internal Revenue Code.

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARISSA GIANNERINI,

    Plaintiff,

v.                                                                                    CASE NO: 6:22-cv-02075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant.
_____/

**PLAINTIFF'S NOTICE OF CORPORATE DEPOSITION OF DEFENDANT PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TO:    Embry-Riddle Aeronautical University
        c/o Allison Oasis Kahn.
        Carlton Fields
        City Place Tower
        525 Okeechobee Blvd., Ste. 1200
        West Palm Beach, Florida 33401-6350
        akahn@carltonfields.com

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, MARISSA GIANNERINI, ("Plaintiff" or "Giannerini"), hereby notices the deposition of Defendant, Embry-Riddle Aeronautical University, Inc., ("Defendant" or "ERAU"), on **Wednesday, January 31, 2024, commencing at 9:00 a.m.** Said deposition will be videotaped and conducted in person at the offices of Southern Reporting Company located at 747 South Ridgewood Avenue, Suite 107, Daytona Beach, Florida 32114, before a notary public or some other person(s)

authorized to administer oaths, recorded by stenographic means by such officer(s) until said testimony shall be completed. The deposition will be taken for the purposes of discovery and/or for use as evidence in the above-captioned case, and other purposes in accordance with the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant shall designate and fully prepare one or more officer(s), director(s), managing agent(s), or other person(s) who consent to testify to the topics designated on the attached Exhibit A on behalf of ERAU, and whom ERAU will fully prepare to testify regarding all information that is known or reasonably available to ERAU.

Dated: January 17, 2023                                          Respectfully Submitted,

*/s/ Ronald P. Angerer, II*
Ronald P. Angerer, II, B.C.S.
Florida Bar No. 0104874
Neil L. Henrichsen
Florida Bar No. 111503
Henrichsen Law Group, P.L.L.C.
301 W. Bay Street, Suite 1400
Jacksonville, FL 32202
Phone: 904-381-8183
rangerer@hslawyers.com
nhenrichsen@hslawyers.com
service@hslawyers.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January 2024, the foregoing has been furnished by electronic mail only to:

Allison O. Kohn
Alana Zorilla-Gaston
Carlton Fields, P.A.
CityPlace Tower, Suite 1200
525 Okeechobee Boulevard
West Palm Beach, FL, 33401-6350
Akahn@carltonfields.com
agaston@carltonfields.com
dsaltzmann@carltonfields.com
wpbecf@cfdom.net
jmeehan@carltonfields.com
(561) 659-7070

By: /s/ Ronald P. Angerer, II
Ronald P. Angerer, II, B.C.S.

# EXHIBIT A TO PLAINTIFF'S NOTICE OF CORPORATE DEPOSITION OF DEFENDANT PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

## DEFINITIONS AND INSTRUCTIONS

For the purpose of these Topics, the following definitions shall apply unless the context clearly requires otherwise.

## DEFINITIONS

1. The term "Plaintiff" or "Giannerini" refers to Plaintiff, Marissa Giannerini.

2. The terms "you," "your," "yourself," "ERAU" and "Defendant" refer to Defendant, Embry-Riddle Aeronautical University, Inc., and includes any other entity through which or in the name of which Defendant does business and also includes Defendant's agents, representatives, employees, attorneys and anyone else acting on their behalf and any predecessors in interest, in whole or in part, including agents, representatives, employees, attorneys and anyone else acting on behalf of Defendant.

3. The term "person" shall mean any individual, partnership, firm, association, corporation, group, organization or any entity of any nature.

4. The term "Complaint" means the Complaint for the above-referenced action. However, if not capitalized the term "complaint" means any formal or informal expression of dissatisfaction, discontent, objection, or grievance.

5.   The term "Policies" shall be understood to reference the following: policies, practices, guidelines, recommended or suggested best practices, or similar formal or informal processes.

6.   The term "NCAA" shall be understood to refer to the National Collegiate Athletic Association.

7.   "NCAA Rules and Regulations" shall mean any NCAA rule or regulation in effect between August 1, 2015 and December 31, 2022 and which governed Plaintiff as a Division II athletics coach or ERAU as a participating Division II school.

8.   The term "SSAC" shall be understood to refer to the "Sunshine State Athletic Conference."

9.   "SSAC Rules and Regulations" shall mean any SSAC rule or regulation in effect between August 1, 2015 and December 31, 2022 and which governed Plaintiff as an athletics coach or ERAU as a participating school.

10.   The term "Coaching Staff" shall include all head coaches and assistant coaches.

11.   The term "WLAX Players" shall mean any and all persons who at any time have been members or participants in ERAU's Women's Lacrosse program.

## INSTRUCTIONS

A.   All uses of the conjunctive shall be interpreted as also including the disjunctive and vice versa. Words in the singular shall be read to include the plural and vice versa.

   B. Unless otherwise indicated, the following time period applies to these topics:  August 1, 2015-December 31, 2022.

*Remainder of Page Left Intentionally Blank*

## TOPICS

1. Giannerini's job description and job duties.

2. Giannerini's wages and benefits.

3. ERAU's Policies concerning (a) Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq.,* ("ADA") accommodation requests, and (b) responding to such accommodation requests in effect during the time Giannerini was employed with ERAU.

4. ERAU's training and education of management and supervisory employees concerning the following during the time Giannerini was employed with ERAU: (a) the ADA, (b) the Florida Civil Rights Act, Section 760.01 *et seq.* ("FCRA"), (c) the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq.* ("Rehab Act") (d) disability discrimination, (e) gender discrimination, (f) reasonable accommodation requests, and (g) responding to accommodation requests.

5. Facts concerning Giannerini's requests for accommodations for her disabilities and ERAU's responses.

6. Facts concerning any Coaching Staff who have a disability within the meaning of applicable state, federal, or local law, and the nature of the disability.

7. Facts concerning any Coaching Staff who have requested a reasonable accommodation for disability, and ERAU's response to such request(s).

8. ERAU's Policies concerning taking disciplinary action against Coaching Staff.

9. All facts concerning any and all disciplinary action ERAU took, or considered taking, concerning Giannerini, the reasons therefor, and all communications

concerning such action(s).

10. Facts concerning any Coaching Staff who have been disciplined for reasons similar to why Giannerini was terminated.

11. Facts concerning any Coaching Staff who have engaged in actual, suspected, or alleged misconduct similar to that which led to Giannerini's termination.

12. ERAU Policies concerning the consumption of alcoholic beverages by Coaching Staff in effect during the time period Giannerini was employed by ERAU.

13. ERAU's efforts to replace Giannerini upon determining to terminate her employment.

14. ERAU's decision to promote Leah Peppelman to head coach and replace Giannerini, the reason(s) therefor, and any communications concerning such action(s).

15. Any investigations conducted by ERAU concerning Leah Peppelman.

16. Any disciplinary action taken concerning Leah Peppelman by ERAU.

17. ERAU's training and education of Coaching Staff during the time period Giannerini was employed by ERAU concerning the following: (a) NCAA Rules and Regulations relating to the physical and emotional well-being of student athletes, (b) SSAC Rules and Regulations relating to the physical and emotional well-being of student athletes, (c) NCAA Rules and Regulations relating to appropriate training, and (D) SSAC Rules and Regulations relating to appropriate training.

18. ERAU Policies concerning internal investigations of Coaching Staff or, if there are no Policies specific to Coaching Staff, ERAU personnel such as Giannerini.

5

19. Facts concerning any of ERAU's investigations of Giannerini, including internal communications concerning the scope of such investigation(s).

20. Any investigation of any Coaching Staff by ERAU, the reason(s) for such investigation(s), the individual(s) involved, the result(s) thereof, and any consequences flowing or following from such investigation(s).

21. Any lawsuit, administrative complaint, or internal complaint alleging that ERAU has engaged in any of the following actions concerning a Coaching Staff: (A) disability discrimination, (b) gender discrimination, (c) failure to accommodate, or (d) retaliation.

22. The total amount of any federal funds, by year, received by ERAU.

23. Any and all efforts to preserve evidence relevant to the allegations of the Complaint.