# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARISSA GIANNERINI,

      Plaintiff,

v.   Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

      Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S OMNIBUS DISCOVERY MOTION SEEKING TO COMPEL PLAINTIFF TO COMPLY WITH DISCOVERY OBLIGATIONS (Doc. No. 98)
>
> **FILED:** February 2, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Defendant seeks to compel Plaintiff to comply with several discovery obligations, including (1) providing sworn answers to interrogatories, *see* Doc. No. 98-1 (unsworn Amended and Supplemental Responses to interrogatories); (2)

production of all of Plaintiff's personal journal entries from October 4, 2021 through December 4, 2021, as well as journal entries from August 1, 2015 through December 31, 2022 relating to Defendant, Plaintiff's termination, Plaintiff's mental and physical health, Plaintiff's search (or failure to search) for employment, alcohol, and any stressors which have the potential to cause emotional or mental distress, including Plaintiff's former boyfriend, as responsive to Defendant's Requests for Production 1, 3, 4, 6, 19, 21, 23, 26, and 28, *see* Doc. No. 98-3 (First Request for Production); and (3) requiring a search of Plaintiff's personal Gmail account for documents responsive to Defendant's Requests for Production 1, 3, 4, 6, 11, 12, 14, 19, 21, 23, 26, and 28, and production of those documents, with reference to one particular email between Plaintiff and a parent of a student, *see* Doc. No. 98-3.   Doc. No. 98.

Plaintiff opposes.   Doc. No. 111.   Initially, Plaintiff submits that the request for sworn interrogatory answers is moot because Plaintiff served a written verification for the amended interrogatories on February 2, 2024.   *Id.* at 1.   Plaintiff also says the request for the specific email with the student parent is moot because the email has been produced.   *Id.*   However, as to the request for journal entries, Plaintiff argues that Defendant's Requests for Production are overbroad, journal entries are not responsive to Request 23, and Defendant fails to demonstrate relevance for "all" journal entries for the October 4, 2021 through December 4, 2021

time period.  *Id.* at 2.  And regarding the Gmail account, Plaintiff contends that the motion is untimely given that it was filed on the discovery deadline, and that, again, the Requests for Production are overbroad.  *Id.* at 2–3.

Upon review, and given Plaintiff's representations in response, the motion to compel will be denied as moot with regard to the requests for sworn interrogatory answers and the specific student parent email addressed in the motion.  However, with respect to the journal entries and the Gmail account, the motion will be granted, in large part.

With regard to the journal entries, the Court finds Plaintiff's arguments regarding overbreadth partially well taken, given that some of the Requests for Production are clearly overbroad.  *See* Doc. No. 98-3 (in particular, Requests 1, 3, and 4).  However, Plaintiff did not raise an overbreadth objection to all of the Requests at issue (*see* Request 6, Doc. No. 98-3, at 12, 23), and in any event, the Court finds unpersuasive Plaintiff's assertion that Request 19 "is overbroad because it encompasses, *inter alia*, every discussion [Plaintiff] has *ever* had concerning her disability, bipolar disorder," given that Request 19 relates to claims and allegations contained in Plaintiff's Charge or Complaint, which Plaintiff herself presumably drafted, and which information is clearly relevant in this case.  *See* Doc. No. 111, at

2; *see also* Doc. No. 1.[1]   Moreover, given that the category of documents Defendant seeks is further narrowed in the motion to compel (Doc. No. 98), and based upon the Court's prior discovery orders in this case (*see* Doc. No. 75), the Court finds that Plaintiff's overbreadth objections are easily rectified by imposing a specific time limitation.

While most of other Requests for Production at issue appear to be encompassed by Request 19, Request 26 is not.[2]   And Request 26 too seeks relevant information.   *See* Doc. No. 98-3, at 15–16, 30 (seeking documents related to Plaintiff's mental health treatment); *see also* Doc. No. 1.   Again, Plaintiff's overbreadth objection is overruled to the extent that the Court will impose a time limitation on the request.   So, Plaintiff's objections will be sustained in part and

---

[1] Specifically, Request 19 states as follows:

Documents reflecting, relating to, or memorializing any conversation, deadline, meeting, or communication by or between you and any other person, other than your attorney, regarding the claims and allegations contained in the Charge or Complaint.  This Request includes, but is not limited to, letters, memos, e-mails, text messages, diaries, journals, notes, and communications via social networking websites.

Doc. No. 98-3, at 27.

[2] The Court agrees with Plaintiff that journal entries would not be responsive to Request 23, in that Request 23 seeks documents "submitted to persons with whom [Plaintiff] sought employment, or they submitted to [her]."  Doc. No. 98-3, at 29.  As discussed below, however, emails from Plaintiff's personal Gmail account could be.

overruled in part, and Defendant's motion will be granted in part, to the extent that Plaintiff will be ordered to produce her personal journal entries from August 1, 2015 through December 31, 2022, which relate to "the claims and allegations contained in the Charge or Complaint" and those from this same time period which are otherwise responsive to Request 26.[3]

The same analysis applies to Defendant's request for emails from Plaintiff's personal Gmail account, given that Request 19 also requests emails. Doc. No. 98-3, at 14, 27. The Court further finds that Requests 23 and 26 seek relevant information, to which personal emails from Plaintiff's Gmail account could arguably contain responsive information. *See id.* at 29, 30; *see also* Doc. No. 1. Outside of privilege, Plaintiff did not raise any objections to Request 23, *see* Doc. No. 98-3, at 15, 29, and Plaintiff's overbreadth objection to Request 26 is addressed by the imposition of a time limitation, as set forth above.

To the extent that Plaintiff contends that Defendant's motion is essentially untimely because it was filed on the discovery deadline, that argument is not well

---

[3] In so ruling, the Court rejects Defendant's broad request for all documents related to "ERAU, Plaintiff's termination, her mental and physical health, Plaintiff's search (or failure to search) for other employment, alcohol, and any stressors which have the potential to cause emotional or mental distress (including her former boyfriend)," for failure to demonstrate that *each* of these categories of requested information are encompassed within the First Request for Production. Doc. No. 98, at 2; *see* Doc. No. 98-3.

taken, given that the record makes clear that *both* parties have waited until the last minute to complete a large part of the discovery in this case. *See* Doc. Nos. 75, 80–116. Therefore, Plaintiff will be ordered to produce emails from her personal Gmail account from August 1, 2015 through December 31, 2022, limited to emails related to "the claims and allegations contained in the Charge or Complaint." Plaintiff will be further ordered to produce emails from her personal Gmail account responsive to Request 23 "since 2021," and emails responsive to Request 26, limited to the time period of August 1, 2015 through December 31, 2022. *See* Doc. No. 98-3.

Accordingly, for the reasons discussed herein, it is **ORDERED** as follows:

1. Defendant's Omnibus Discovery Motion Seeking to Compel Plaintiff to Comply with Discovery Obligations (Doc. No. 98) is **GRANTED in part** as follows:

   a. Within **seven (7) days** of the date of this Order, Plaintiff shall produce to Defendant her personal journal entries from August 1, 2015 through December 31, 2022, which relate to "the claims and allegations contained in the Charge or Complaint," and those which are otherwise responsive to Request 26 from this same time period.

   b. Within **seven (7) days** of the date of this Order, Plaintiff shall produce to Defendant emails from her personal Gmail account from

August 1, 2015 through December 31, 2022, which relate to "the claims and allegations contained in the Charge or Complaint." Plaintiff shall further produce emails from her personal Gmail account responsive to Request 23 "since 2021," and emails responsive to Request 26, limited to the time period of August 1, 2015 through December 31, 2022.

c. To the extent that Plaintiff claims privilege over any of these documents, Plaintiff must serve on Defendant a privilege log **on or before this same deadline.** The privilege log must fully comply with the undersigned's Standing Order Regarding Privilege Logs.[4]

2. Defendant's Motion (Doc. No. 98) is **DENIED as moot** with respect to the requests for sworn interrogatory answers and the specific student parent email addressed in the Motion, and the Motion (Doc. No. 98) is further **DENIED in all other respects**.

3. **Given the deadlines in this case and the proceedings held to date, no extensions of the deadlines herein will be granted absent exigent circumstances support by affidavit or other competent evidence.**

---

[4] *See In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1 (June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.

**4.      Failure to comply with this Order may result in sanctions against the offending party, that party's counsel, or both.**   *See* **Fed. R. Civ. P. 37(b).**[5]

**DONE** and **ORDERED** in Orlando, Florida on February 13, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[5] Neither party requests an award of fees and costs or any other relief, *see* Fed. R. Civ. P. 37(a)(5); thus, the Court declines to award any further relief at this time.