# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARISSA GIANNERINI,

    Plaintiff,

v.                                          Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION TO COMPEL COMPLETE TEXT MESSAGE PRODUCTION (Doc. No. 99)
>
> **FILED:** February 2, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Defendant seeks to compel Plaintiff to produce text messages responsive to its First Requests for Production (RFPs) 11, 12, 14, and 19.   Doc. No. 99.   Although the RFPs were served on Plaintiff in February 2023, it appears that Plaintiff has been

engaging in a rolling production of responsive text messages in this case. *See* Doc. Nos. 99-1, 99-5; *see also* Doc. No. 112, at 1-2.

As relevant to this dispute, on December 28, 2023, Plaintiff notified Defendant that she had completed the production of text messages, limited to numerous search terms selected by Plaintiff. Doc. No. 99-6, at 1.[1] Plaintiff produced over 200 text messages based on those terms. *Id.* On January 11, 2024, Defendant requested that Plaintiff include three additional terms: "resign, fire, lawyer," as well as variations of those words. Doc. No. 99-9, at 1. In response, on January 31, 2024, Plaintiff produced additional text messages. Doc. No. 112-2, at 6. However, that production included text messages containing search terms Plaintiff previously represented had been run and for which responsive texts had been produced, thus resulting in Defendant questioning the validity of the prior search. *Id.* at 5–6. *See also* Doc. No. 99, at 3 (identifying terms "termination," "lawyer," "alcohol," "drink," and "anxiety"). The same day, Defendant also asked Plaintiff to run additional searches to include over fifty (50) additional terms. Doc. No. 112-2, at 5–6.

---

[1] The search terms included: "abortion, abuse, alcohol, attorney, bipolar, discipline, drinking, drugs, lawyer, mental health, rape, run, termination, trouble," and Plaintiff also conducted a search for the "time parameter of 11/1/18-3/1/19 and 7/1/21-3/1/22" for the following terms: "abuse, agreement, anxiety, Baker Act, contract, disability, dishonest, grade, investigation, lying, maltreatment, mental health, mistreatment, mood swing, no contact, progress, promotion, report, retaliation, and scared." Doc. No. 99-6, at 1.

Plaintiff refused to honor Defendant's request for additional search terms, as not only late but unduly burdensome. *Id.* at 3. Based thereon, Defendant seeks to compel Plaintiff to provide all responsive text messages to RFPs 11, 12, 14, and 19. Doc. No. 99.

Plaintiff does not dispute the chronology as set forth above. Doc. No. 112. Nor does she provide an explanation as to why the additional text messages produced on January 31, 2024 were not produced earlier based on the search terms contained therein. *Id.* Instead, Plaintiff argues that: (1) Defendant's motion is an eleventh-hour request to engage in an ESI conference that Defendant failed to previously request or demand; (2) the RFPs are overbroad; and (3) Plaintiff has conducted a thorough search and review of the text messages. *Id.* Plaintiff submits the Declaration of Renee Cook, to document the search conducted. Doc. No. 112-3.[2]

In an authorized reply, Defendant engages in a lengthy discussion regarding the timeline set forth herein, to include several bolded terms that Defendant apparently thought that the Court would otherwise miss. Doc. No. 120. But notably absent from Defendant's reply is citation to any legal authority in support,

---

[2] Although the Declaration states that Ms. Cook is "an attorney for the Plaintiff in the above titled action," Doc. No. 112-3, Ms. Cook has not appeared as counsel in this case.

which was the sole basis for which Defendant requested supplemental briefing. *See* Doc. No. 99, at 3 ("ERAU also requests additional briefing so it may cite case law supporting its positions."). Nonetheless, despite its rhetoric, Defendant makes a few valid points, more fully addressed below.

Specifically, although Plaintiff contends that she "conducted a thorough search and review of the text messages" as set forth in Ms. Cook's Declaration, the Declaration is problematic in a few respects. For example, the document contains at least one inconsistency. *See* Doc. No. 112-3, at 4–5 (hits for "fire"). For another, it appears that Plaintiff did not use variations for search terms, such that the list includes words such as "termination," without variations such as "terminate" or terminated," or "retaliation," without "retaliate," "retaliates," or "retaliated." *See id.* And finally, Plaintiff nowhere addresses why the text message produced on January 31, 2024 contained search terms that Plaintiff had previously represented were run. *See* Doc. No. 112; *see also* Doc. No. 99-6, at 1; Doc. No. 112-3.

Accordingly, the Court finds Defendant's motion (Doc. No. 99) well taken, in part. And the Court rejects Plaintiff's argument that the RFPs at issue are overbroad, as the Court finds they are not, and in any event, the instant motion seeks only responsive text messages, which the record reflects that Plaintiff agreed to produce. Doc. No. 99-3, at 1. *See also* Doc. No. 118 (rejecting Plaintiff's assertion that RFP 19 is overbroad). Thus, the Court will require Plaintiff to conduct again

a search for Plaintiff's text messages responsive to RFPs 11, 12, 14, and 19, by utilizing the search terms previously set forth by Plaintiff on December 28, 2023, *see* Doc. No. 99-6, at 1, to include all reasonable variations of those words, as well as the three additional search terms provided by Defendant on January 11, 2024, *see* Doc. No. 99-9, at 1, and reasonable variations thereof. Plaintiff will also be required to produce an affidavit in support.

However, the Court agrees with Plaintiff that Defendant's January 31, 2024 request to run over fifty (50) additional search terms comes too late, as Defendant could have requested those additional search terms earlier in the discovery period, Defendant fails to adequately explain why it did not, and Defendant provides no legal authority in support of its late request. Doc. Nos. 99, 120. *See also* Doc. No. 112-2, at 5–6. Thus, the motion will be denied in this regard. The motion will also be denied as to Defendant's myriad requests set forth in the reply brief, for failure to demonstrate that *each* of these categories of requested information are encompassed within RFPs 11, 12, 14, and 19. *See* Doc. No. 120, at 6–7.

The Court notes that with resolution of this motion, Plaintiff's Motion to Compel Payment of Two Experts That Defendant Refuses to Pay for Discovery Deposition Time (Doc. No 101) is the only outstanding discovery-related motion that remains pending. Given that discovery is now closed, *see* Doc. No. 23, at 3, the Court will not entertain any future discovery motions in this case.

Based on the foregoing, it is **ORDERED** as follows:

1. Defendant's Motion to Compel Complete Text Message Production (Doc. No. 99) is **GRANTED in part**, as set forth herein.

2. Within **ten (10) days** of the date of this Order, Plaintiff must conduct a complete search for Plaintiff's text messages responsive to RFPs 11, 12, 14, and 19, by utilizing the search terms previously set forth by Plaintiff on December 28, 2023, *see* Doc. No. 99-6, at 1, to include all reasonable variations of those words (including the plural of each word), as well as the three additional search terms provided by Defendant on January 11, 2024, *see* Doc. No. 99-9, at 1, and reasonable variations thereof (including the plural of each word).

3. Within **ten (10) days** of the date of this Order, Plaintiff must produce all responsive text messages resulting from the search to Defendant. **By this same deadline**, Plaintiff must produce to Defendant, <u>and separately file with the Court</u>, an affidavit, signed under penalty of perjury by the person(s) responsible for the search, to include, at minimum, the following information:

    a. The number of text messages reviewed, as stored with third-party Relativity or otherwise, and the process for how those text messages were retrieved.

      b.      The name of the person(s) who conducted the search of the text messages, to include the person(s) name, title, and qualifications.

      c.      A complete list of the search terms utilized, including all variations thereof.

      d.      Statistics reflecting the results of the search.

4.      Defendant's Motion (Doc. No. 99) is **DENIED in all other respects**.

5.      **Given the deadlines in this case and the proceedings held to date, no extensions of the deadlines herein will be granted absent exigent circumstances support by affidavit or other competent evidence.**

6.      **Failure to comply with this Order may result in sanctions against the offending party, that party's counsel, or both.** See **Fed. R. Civ. P. 37(b).**[3]

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2024.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Neither party requests an award of fees and costs or any other relief, see Fed. R. Civ. P. 37(a)(5); thus, the Court declines to award any further relief at this time.