**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARISSA GIANNERINI,

       Plaintiff,

v.                            Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

       Defendant

_____

**ORDER**

On March 11, 2024, the Court entered an Order denying without prejudice in part and deferring ruling in part Defendant's motion to seal certain summary judgment materials.  Doc. No. 146.  *See* Doc. No. 140.  Specifically, the Court deferred ruling on Defendant's request to file under seal its own designated confidential materials, to include unredacted deposition transcripts and related exhibits for Andrea Hooper, Meachelle Felps-Darley in her individual capacity, John Phillips, and Brandon Young (both individual capacity and Rule 30(b)(6)), pending Plaintiff's response.  *Id.*  Plaintiff has now responded, Doc. No. 151, and the matter is ripe for review.

According to the motion, Defendant seeks to file under seal unredacted deposition transcripts and related exhibits for Andrea Hooper, *see* Doc. No. 131, Meachelle Felps-Darley in her individual capacity, *see* Doc. No. 134, John Phillips, *see* Doc. No. 137, and Brandon Young (both individual capacity and Rule 30(b)(6)), *see* Doc. Nos. 135–36, redacted versions of which have been filed on the public docket.   Doc. No. 140.   Defendant argues that the materials redacted therefrom have been designated confidential pursuant to the Protective Order Governing Discovery (Doc. No. 59), and

> These redacted portions of the deposition transcripts and exhibits include allegations of non-party students being bullied, alleged misconduct by nonparty employees, disciplinary measures ERAU instituted in response, and other confidential personnel matters.   They contain information about alleged sexual assault, student counseling, inappropriate comments, and other private and sensitive employment topics relating to Plaintiff and other individuals who are not parties to this lawsuit.
>
> The documents, and the deposition testimony discussing them, also contain confidential and identifying information about ERAU students and employees who are not parties to this lawsuit.
>
> This information "must be held confidential to protect private, personal, business, or commercial interests." Protective Order at 3. Filing redacted versions of the documents, while filing the complete documents under seal, would sufficiently protect this information.

Doc. No. 140, at 6–7 (citations and parentheticals omitted).

Plaintiff has filed a response in opposition, where she does not oppose the motion, in large part, but she objects to the wholesale sealing of some of the exhibits

to the depositions because "Defendant has not specifically set forth in the Motion why each such exhibit for which there is a placeholder page should be sealed, making it extraordinarily difficult to determine why Defendant is seeking to seal such documents in full."   Doc. No. 151, at 2.   Plaintiff identifies nine (9) exhibits that she says do not warrant sealing, although she admits that redactions within some of those exhibits is appropriate.   *Id.*   Plaintiff does not address, however, Defendant's statement that the materials at issue contain information regarding non-party identities (students and employees), as well as sensitive information regarding allegations related to bullying, sexual assault, and disciplinary measures regarding the non-parties to this lawsuit.   *Id.*

Upon review, having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing,[1] and given the lack of specificity with Plaintiff's objections,

---

[1] "[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]"   *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001).   "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.   Whether good cause exists is decided by the nature and character of the information in question."   *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks, citation, and alterations omitted).

Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5)

the Court finds good cause to seal the materials at issue at this stage of the litigation. *See, e.g.*, *McKenzie v. United States Tennis Ass'n Inc.*, No. 6:22-cv-615-PGB-LHP, 2023 WL 6626109, at *2 (M.D. Fla. Oct. 11, 2023) (permitting materials identifying victim of sexual assault to be filed under seal) (citing *Warren v. S&S Prop. Mgmt., Inc.*, No. 1:17-CV-4187-SDG-JSA, 2020 WL 5223750, at *7 (N.D. Ga. June 3, 2020) (permitting summary judgment briefing and exhibits containing sensitive information related to sexual assault to be filed under seal)); *see also Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000) ("[I]t is appropriate to seal certain records when those particular records contain highly sensitive and potentially embarrassing personal information about individuals. . . .   When the sensitive information pertains to non-parties who are not public figures, the balancing of interests in favor of protecting the privacy of the non-parties and against uninhibited access to the records is strengthened." (citations omitted)).   Of course, after review of the documents, the Court may require that the information filed under seal be filed in the public record, if it determines that the documents are not properly subject to sealing.

---

whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records.   *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

Accordingly, Defendant's Motion to Seal Deposition Transcripts/Exhibits Under Protective Order Governing Discovery (Doc. No. 140) is **GRANTED in part in its remainder**, insofar as the Court will permit unredacted copies of the deposition transcripts and related exhibits for Andrea Hooper, Meachelle Felps-Darley in her individual capacity, John Phillips, and Brandon Young (both individual capacity and Rule 30(b)(6)), to be filed under seal.   *See* Doc. Nos. 131, 134–37.   It is **ORDERED** that Defendant shall file the materials under seal on or before **March 27, 2024**.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -