# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARISSA GIANNERINI,

      Plaintiff,

v.                                      Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

      Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** TIME SENSITIVE JOINT MOTION FOR PARTIAL RELIEF FROM THE COURT'S MARCH 20, 2024 ORDER (Doc. No. 159)
>
> **FILED:** March 22, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On March 11, 2024, the Court denied without prejudice in part Defendant's motion requesting to file under seal certain deposition transcripts in support of summary judgment, specifically as it related to Plaintiff's designated confidential

materials, to include the deposition transcripts of Dr. Tarek Aly, Dawn Parr Chappel, and Plaintiff. Doc. No. 146. The Court ordered **Plaintiff**, on or before March 19, 2024, to file a motion to file these materials under seal. *Id.*; *see* Local Rule 1.11(d). The Court warned that absent such motion, the Court would require that the transcripts be filed on the public docket. *Id.*

Disappointingly, but not surprisingly given the history of this case, Plaintiff failed to comply with the March 19, 2024 deadline. Accordingly, on March 20, 2024, the Court entered an Order requiring Defendant to file the deposition transcripts on the public docket on or before March 27, 2024. Doc. No. 152. That deadline has not yet expired, and to date, the deposition transcripts have not been filed.

Now before the Court is a "Time Sensitive Joint Motion for Partial Relief from the Court's March 20, 2024 Order." Doc. No. 159. Apparently, instead of complying with the Court's March 11, 2024 Order, the parties were negotiating amongst themselves about the deposition transcripts and the necessity of same for summary judgment briefing. *Id.* But the statement that their failures to notify the Court of such negotiations, and that Plaintiff's failure to comply with the March 11, 2024 Order were "inadvertent, not intentional" is not well taken, particularly given the statement that Plaintiff "elected not to file a Motion to Seal the depositions." *See id.* at 2, 3. And not for the first time in this case, the parties have caused the

Court to set aside other pressing matters to deal with what, in the Court's view, would have been an unnecessary "time sensitive" motion had the parties been able to meet and confer initially in a cooperative manner – an ability that has been woefully lacking throughout this case – and had Plaintiff complied with the Court's Order.   Nonetheless, here we are.

Upon consideration of the Time Sensitive Joint Motion (Doc. No. 159), and given the parties' apparent agreement that the deposition transcripts of Dr. Tarek Aly and Dawn Parr Chappel are not necessary for resolution of the pending motion for summary judgment at this time (Doc. No. 148), the Time Sensitive Joint Motion (Doc. No. 159) will be **GRANTED**, and Defendant will not be required to file the deposition transcripts of Dr. Tarek Aly and Dawn Parr Chappel on the public docket <u>at this time</u>.   *See* Doc. No. 152.   The remainder of the March 20, 2024 Order stands, and Defendant shall file the transcript of Plaintiff's deposition on the public docket on or before **March 27, 2024**.   *See* Doc. No. 152.   *See also* Doc. No. 159, at 2 ("Plaintiff did not object to the Defendant filing her deposition in the record.").

In the motion, the parties provide a vague and confusing explanation as to whether they may require the deposition transcripts of Dr. Tarek Aly and Dawn Parr Chappel in later stages of this case, under seal or otherwise.   Doc. No. 159, at 2–3.  **The Court cautions the parties, in the strongest terms possible, that any future filings must fully comply with all applicable Federal Rules of Civil**

**Procedure, Local Rules, and Court Orders. In particular, the Court points the parties to the requirements set forth in Local Rules 3.01(a), 3.01(g), and 1.11(d) should a motion to seal deposition transcripts be renewed.[1] The Court further warns the parties that future failures to comply with all applicable Federal Rules of Civil Procedure, Local Rules, and Court Orders – including applicable deadlines – will result in the imposition of sanctions against the offending party, the party's counsel, or both. The parties are further reminded that they cannot stipulate or agree amongst themselves to extend or ignore Court-imposed deadlines.**

    **DONE** and **ORDERED** in Orlando, Florida on March 22, 2024.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Indeed, the Court could have denied the instant motion for failure to comply with Local Rule 3.01(a), but for the sake of judicial efficiency, has elected to consider the motion on the merits. *See* Local Rule 1.01(b).