**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARISSA GIANNERINI,

    Plaintiff,

v.                        Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   PLAINTIFF'S MOTION TO COMPEL PAYMENT OF TWO EXPERTS THAT DEFENDANT REFUSES TO PAY FOR DISCOVERY DEPOSITION TIME (Doc. No. 101)
>
> **FILED:**     February 2, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Before the Court is Plaintiff's motion to compel Defendant to pay expert witness fees for the depositions of her treating providers, Tarek Aly, MD, MPH and

Dawn Parr Chappel, LMFT. Doc. No. 101. In December 2023, Plaintiff served on Defendant Initial Expert Disclosures disclosing Dr. Aly as "Plaintiff's treating psychiatrist and not a retained expert," and LMFT Parr Chappel as "Plaintiff's treating provider and not a retained expert," both of whom would "present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Doc. No. 101-1, at 2, 4.

Defendant deposed LMFT Parr Chappel on January 26, 2024, and Dr. Aly on January 29, 2024. Doc. No. 101-3, at 2, 5. Plaintiff submits an invoice for Dr. Aly in the amount of $3,330.00, by which Dr. Aly charges $550.00 per hour for preparation, travel, and attendance at deposition. Doc. No. 101-4, at 2. After filing the motion, Plaintiff also submitted an invoice from LMFT Parr Chappel for $2,218.00, by which she charges a rate of $110.00 per hour for review and response to subpoenas, copying documents, consultation with counsel, travel time, and attendance at deposition, and $18.00 for parking. Doc. No. 116-1, at 2.

Defendant opposes the fee requests for both providers. Doc. No. 113. According to Defendant, these providers, as fact witnesses testifying only to the treatment they provided Plaintiff, are owed nothing more than the statutory witness fee set forth in 28 U.S.C. § 1821(b). *Id.* at 1–2. Defendant also argues that the fees requested are unreasonable, as Plaintiff failed to initially support LMFT Parr Chappel's rate, the rate for Dr. Aly is $300 more per hour than Dr. Aly charged

Plaintiff, and Plaintiff failed to provide any evidence that the deposition testimony from the providers was in any way unrelated to Plaintiff's treatment.  *Id.* at 2–3.[1]

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."  Federal Rule of Civil Procedure 26(b)(4)(E) states, in relevant part, that "[u]nless a manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)."  "Factors relevant to determining what is 'reasonable' include (1) the prevailing rate for a comparable, available expert; (2) the witness's area of expertise; (3) the education and training required for the opinion sought; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee being charged to those who retained the expert; (6) the cost of living in the particular geographic area; (7) fees traditionally charged on related matters; and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26."  *Gluck v. Geico Gen. Ins. Co.*, No. 8:19-cv-634-T-27AEP, 2020 WL 339593, at *1 (M.D. Fla. Jan. 21, 2020) (citations

---

[1] As discussed above, records for LMFT Parr Chappel have now been submitted. *See* Doc. No. 116.  Although the records for LMFT Parr Chappel were filed after the motion and response, Defendant has not raised any objection to the Court's consideration thereof.  Nor has the Court otherwise found any reason not to consider those records in resolution of the motion.

and quotation marks omitted). "[A]lthough various courts have concluded that the burden on proving the reasonableness of an expert's fees lies with the party seeking reimbursement, the question of what fee is reasonable falls within the discretion of the Court." *Id.* (citation and quotation marks omitted).

"Courts are split on whether a treating physician is an expert entitled to reasonable expert witness fees under [Rule 26] or a fact witness entitled to a $40.00 per day witness fee plus transportation and subsistence costs as provided by 28 U.S.C. § 1821." *Salter v. McNesby*, No. 3:06CV110/MCR/EMT, 2007 WL 9734765, at *4 (N.D. Fla. Apr. 9, 2007) (collecting cases); *see also In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2325, 2017 WL 1090029, at *2 (S.D.W. Va. Mar. 21, 2017) (noting same and collecting cases). "There is a strong consensus, however, that a witness need not be identified as a retained expert and provide a report to be eligible for compensation under Rule 26(b)(4)." *Salter*, 2007 WL 9734765, at *4 (collecting cases); *see also Hoover v. United States*, No. 01 C 2372, 2002 WL 1949734, at * 6 (N.D. Ill. Aug. 22, 2002) ("[W]hile Rule 26(b)(4)[] draws a distinction between testifying and consulting experts, it makes no distinction between the retained and non-retained testifying experts. The rule squarely directs that all testifying experts who are deposed be paid a reasonable fee.").

Upon consideration, and in line with what appears to be the majority view in this District, the Court rejects Defendant's contention that Dr. Aly and LMFT Parr

Chappel are entitled to only the statutory witness fee for fact witnesses as set forth in 28 U.S.C. § 1821(b). *See Hyde v. K. B. Home, Inc.*, No. 1:07-CV-01456-TWT-SSC, 2008 WL 11334063, at *2 (N.D. Ga. Aug. 13, 2008) ("[D]istrict courts in this Circuit appear to have allowed treating physicians to obtain fees beyond the statutory fee for providing deposition testimony."); *see also, e.g., Cartrette v. T & J Transp., Inc.*, No. 3:10-cv-277-J-25MCR, 2011 WL 899523, at *1 (M.D. Fla. Mar. 15, 2011) (citing *Fraser v. AOL LLC*, No. 3:06-cv-954-J-20TEM, 2008 WL 312670, at *1 (M.D. Fla. Feb. 4, 2008) (applying Rule 26(b)(4) to compensation of treating physician testimony)); *Hudson v. Waffle House, Inc.*, No. 5:19CV297-RH-MJF, 2020 WL 1698619, at *1 (N.D. Fla. Feb. 20, 2020) (same).[2]

Thus, the question is whether the requested rates for Dr. Aly and LMFT Parr Chappel are reasonable. As discussed above, Dr. Aly wishes to be compensated $550.00 per hour, while LMFT Parr Chappel seeks to recover $110.00 per hour. Doc. No. 101-4, at 2; Doc. No. 116-1, at 2. Plaintiff submits the credentials for both providers, Doc. No. 101-2, but does not otherwise in her motion address the

---

[2] To the extent that Defendant relies on *Comiter v. Sears, Roebuck & Co.*, No. 08-80576-CIV, 2009 WL 10667480 (S.D. Fla. Jan. 8, 2009) for a contrary conclusion, the Court finds *Comiter* unpersuasive in this case. Notably, in *Comiter*, the treating provider was not listed on the plaintiffs' expert witness disclosure, in contrast to this case. *See* Doc. No. 101-1.

reasonableness of the hourly rates sought, by the above-listed factors or otherwise. Doc. No. 101.

In response, outside of arguing that the compensation for both providers should be limited to the 28 U.S.C. § 1821(b) statutory rate, Defendant argues only that LMFT Parr Chappel testified that Plaintiff has not paid her for case-related work, and that Dr. Aly testified that he charged Plaintiff's counsel only $125.00 for a half-hour pre-deposition meeting (so, $250.00 per hour), and seeks to charge Defendant $550.00 per hour.   Doc. No. 113, at 2–3.

Upon review, the Court directed Plaintiff to file a reply brief to address several targeted issues raised by the motion and response, to include the statutory witness fee argument (resolved above), as well as: (1) the reasonableness of the fees requested based on the factors set forth in *Gluck*, to include the rates normally charged by Dr. Aly and LMFT Parr Chappel and authority demonstrating the prevailing rates for comparable treatment providers; (2) evidence of the rates Plaintiff has paid Dr. Aly and LMFT Parr Chappel; and (3) the reasonableness of the fees sought for time outside of deposition, to include preparation, travel, copying/scanning documents, and consultation with counsel.   Doc. No. 161.

Plaintiff timely filed a reply, but fails to address most of these inquiries.   Doc. No. 175.   Specifically, outside of the statutory witness fee argument, Plaintiff provides only the rates Plaintiff paid to Dr. Aly, states that she has not paid

anything to LMFT Parr Chappel, says she "has not been able to determine comparable charges for practitioners such as Dr. Aly and [LMFT Parr Chappel] pursuant to [*Gluck*]," and does not address the rates normally charged by these providers or the reasonableness of the fees sought for time outside of the actual deposition. *Id.* Accordingly, for the most part, the Court is left to its own expertise in determining the appropriate hourly rates. *See Gluck*, 2020 WL 339593, at *1 ("[T]he question of what fee is reasonable falls within the discretion of the Court."); *see also Smith v. N.Y. Presbyterian Hosp.*, No. 05 CIV. 7729 RJS DF, 2012 WL 4903256, at *5 (S.D.N.Y. Oct. 12, 2012) ("Where the party seeking reimbursement fails to meet its burden of demonstrating the reasonableness of the amount sought, the Court may exercise its discretion to determine a reasonable fee." (citations omitted)).

As it relates to Dr. Aly, because neither Plaintiff nor Dr. Aly have provided information regarding prevailing rates or fees charged on related matters, considering the fact that Dr. Aly is a treating physician rather than a retained expert, *see* Doc. No. 101-1, and given that the rate charged to Plaintiff by Dr. Aly equates to $250.00 per hour, *see* Doc. No. 175-3, the Court finds that $250.00 per hour is a more appropriate hourly rate for Dr. Aly. *See, e.g.*, *Roca Labs, Inc. v. Consumer Opinion Corp.*, No. 8:14-cv-2096-T-33EAJ, 2015 WL 12844308, at *2 (M.D. Fla. July 23, 2015) ("In the Eleventh Circuit, expert deposition fees may be reduced where the expert

is a treating physician."); *Taylor v. Dean*, No. 5:05-cv-397-Oc-10GRJ, 2006 WL 8439858, at *1 (M.D. Fla. Nov. 15, 2006) (reducing expert fees to the same rate paid by the retaining party); *see also Hyde v. K. B. Home, Inc.*, No. 1:07-CV-01456-TWT-SSC, 2008 WL 11334063, at *2 (N.D. Ga. Aug. 13, 2008) (where parties provided "little support" for reasonableness of rate, finding $250.00 per hour for psychiatrist reasonable based on psychiatrist's training and in light of other cases regarding specialized physicians).

As it relates to LMFT Parr Chappel, however, the Court finds the rate sought—$110.00 per hour—reasonable on its face. *Cf. Barrett v. Nextel Commc'ns, Inc.*, No. CIV.A. 04CV74556DT, 2006 WL 374757, at *2 (E.D. Mich. Feb. 16, 2006) (ordering compensation for plaintiff's therapist's deposition at expert rate of $150.00 per hour under Rule 26(b)(4)). Defendant makes no argument nor provides any legal authority to the contrary. Doc. No. 113.

The Court notes that in its response, Defendant does not address the number of hours for which the treating providers seek compensation, instead only addressing the hourly rates. Doc. No. 113. Nor does Defendant argue that other time entries outside of the actual deposition attendance are not compensable or should be subject to different rates, such as preparation, travel, and consultation

charges.  *Id.*; *see also* Doc. Nos. 101-4, 116-1.[3]  Accordingly, the Court does not further address these issues.  *Cf. Nogara v. Lynn L. Off. P.C.*, No. 22-23142-CIV, 2024 WL 991786, at *2 (S.D. Fla. Feb. 21, 2024), *report and recommendation adopted*, 2024 WL 986469 (S.D. Fla. Mar. 7, 2024) (citations and quotation marks omitted) (noting that "generally hours that an expert spends on preparation and travel in connection with the expert's deposition are compensable under Rule 26(b)(4)(E)," although preparation time is sometimes charged at the same rate as deposition time and sometimes compensated at a lower rate); *Cartrette*, 2011 WL 899523, at *3 (awarding same hourly rate for deposition time and preparation time); *Ratliff v. Baan Co., N.V.*, No. CIV.A.1:99-CV-2455-W, 2003 WL 25774909, at *1 (N.D. Ga. Nov. 5, 2003) (finding reasonable amount of preparation time recoverable under Rule 26).

Accordingly, for the reasons discussed herein, Plaintiff's Motion to Compel Payment of Two Experts That Defendant Refuses to Pay for Discovery Deposition Time (Doc. No. 101) will be **GRANTED in part and DENIED in part.**  It is **ORDERED** that Defendant shall compensate Dr. Aly a total of $1,500.00 for deposition time, reflecting the $250.00 hourly rate, *see* Doc. No. 101-4, and LMFT Parr Chappel a total of $2,218.00, reflecting her $110.00 hourly rate, *see* Doc. No. 116-1.

---

[3] Defendant also did not request leave to file supplemental briefing or a sur-reply.

Both parties' requests for fees in bringing and/or in responding to the motion, *see* Doc. No. 101, at 2; Doc. No. 113, at 3; Doc. No. 175, at 5, are **DENIED**. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (C).

**DONE** and **ORDERED** in Orlando, Florida on April 12, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties