# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARISSA GIANNERINI,

      Plaintiff,

v.                                                              Case No:   6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

      Defendant

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **JOINT UNOPPOSED MOTION TO FILE DOCUMENTS BEARING ON SUMMARY JUDGMENT UNDER SEAL PURSUANT TO PROTECTIVE ORDER (Doc. No. 181)**
>
> **FILED:** April 26, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:** **JOINT UNOPPOSED MOTION TO FILE DOCUMENTS BEARING ON SUMMARY JUDGMENT ON THE PUBLIC RECORD (Doc. No. 182)**

> **FILED:** April 26, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

By the above-styled motions, the parties jointly move to file additional materials attendant to their summary judgment filings, some under seal and some on the public docket. The documents the parties wish to file under seal include:

- Exhibits 22, 24, 28, 35, 36, 62–63 to Plaintiff's deposition, which deposition has been filed on the public docket, *see* Doc. No. 164.

- Excerpts of the deposition of Defendant's Vice President and General Counsel, Charlie Sevastos and related exhibits 9, 10, and 11, for which Plaintiff filed a placeholder exhibit in response to Defendant's motion for summary judgment, *see* Doc. No. 166-3. Mr. Sevastos's deposition transcript has not otherwise been filed in this case.

- Exhibits C-E, H, I, J, M, and T to the deposition of Andrea Hooper, for which Plaintiff filed a placeholder exhibit in response to Defendant's motion for summary judgment, *see* Doc. No. 166-4, and whose deposition and some of the exhibits related thereto has been filed under seal, *see* Doc. No. 154.

Doc. No. 181. In sum, the parties explain that these filings include non-party student confidential information, information protected by the Family Educational

Rights and Privacy Act (FERPA), confidential and identifying information of third-party employees, and Defendant's confidential documents containing complaints from student athletes and information about student discipline, student security, and safety measures, which has all been designated as confidential pursuant to the protective order entered in this case.  *Id.*; *see also* Doc. No. 59.

Upon consideration of the motion (Doc. No. 181), as well as Local Rule 1.11 and the Eleventh Circuit's standard for sealing,[1] and for reasons similar to those

---

[1] "[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]"  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001).  "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.  Whether good cause exists is decided by the nature and character of the information in question."  *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks, citation, and alterations omitted).

Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records.  *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

discussed in a prior order on sealing similar information, *see* Doc. No. 153, the Court will permit these filings to be made under seal.

Related to these filings, the parties also jointly ask that several other materials be permitted to be filed on the public docket, to include:

- Exhibits 1, 3–5, 6–15, 30, 34, 40, 43, 47, 49, 56–61, and 65–67 to Plaintiff's deposition, *see* Doc. No. 164.

- Exhibit 5 to Charlie Sevastos's deposition (deposition transcript not yet filed)

- Exhibits P, Q, R, and S to the deposition of Andrea Hooper, *see* Doc. No. 154.

- Exhibits 1–4, and 6 to the Declaration of Brandon Young, filed in support of summary judgment, *see* Doc. No. 141-2, which "were inadvertently excluded from the original filing."

Doc. No. 182.[2]

---

[2] The Court notes that this filing fails to comply with Local Rule 3.01(a). The Court has considered the motion despite this deficiency given its unopposed nature, for the sake of judicial efficiency, and to ensure that all materials pertinent to the summary judgment briefing are timely filed. But the parties shall not interpret this Order as waiving the requirement that the parties' future filings be fully compliant with all Local Rules.

Upon review, in order to ensure that the Court has a complete record on consideration of summary judgment, the Court will permit the parties to file these materials in support. However, the parties' inability to comply with Court Orders and Rules in this case, as well as the way in which their filings attendant to summary judgment have been made, has resulted in an unwieldy docket that makes it near impossible at this point for the Court to identify which filings are pertinent to which. Accordingly, the Court will require the parties to provide courtesy hardcopies (thumb drives or electronic drives will not be acceptable) containing the summary judgment filings and all pertinent exhibits to the Court, as more fully set forth below.

Thus, for the reasons stated herein, it is **ORDERED** as follows:

1. The Joint Unopposed Motion to File Documents Bearing on Summary Judgment Under Seal Pursuant to Protective Order (Doc. No. 181) is **GRANTED**. It is **ORDERED** that on or before **May 10, 2024**, the parties[3] shall file **under seal** the following materials:

- Exhibits 22, 24, 28, 35, 36, 62–63 to Plaintiff's deposition.

---

[3] Given the joint nature of both motions discussed in this Order, the parties are jointly responsible for ensuring that the filings directed by this Order are timely filed.

- Excerpts of the deposition of Charlie Sevastos, pages 27–28, 38–39, 149, 187–88, 200–01, 206–10, 220–21, 231–38, 256–58 and Exhibits 9, 10, and 11.
- Exhibits C-E, H, I, J, M, and T to the deposition of Andrea Hooper.

2. The Joint Unopposed Motion to File Documents Bearing on Summary Judgment on the Public Record (Doc. No. 182) is **GRANTED**. It is **ORDERED** that on or before **May 10, 2024**, the parties shall file on the **public docket** the following materials:

- Exhibits 1, 3–5, 6–15, 30, 34, 40, 43, 47, 49, 56–61, and 65–67 to Plaintiff's deposition.
- Exhibit 5 to Charlie Sevastos's deposition.
- Exhibits P, Q, R, and S to the deposition of Andrea Hooper.
- Exhibits 1–4, and 6 to the Declaration of Brandon Young.

3. It is further **ORDERED** that on or before **May 17, 2024**, the parties shall cause to be delivered to the Court two courtesy copies (one directed to the attention of District Judge Roy B. Dalton, Jr., and one directed to the attention of Magistrate Judge Leslie Hoffman Price) of their summary judgment filings, as follows:

- Defendant shall submit, in binder format, a copy of its motion for summary judgment (Doc. No. 148) and all exhibits filed in support

(which includes all declarations and depositions transcripts). The filing shall be organized to include a copy of the motion followed by the exhibits as referenced in the summary judgment briefing. The submission shall include filings made under seal, with a cover page to indicate that the filing has been made under seal. The submission shall also include tabs on each filing to contain a citation to the place where the filing can be located on the docket, as well as indication to how the filing is cited in the motion. To the extent that parts of exhibits pertaining to one deponent/affiant are interspersed throughout the docket (for example, the deposition transcript of Ms. Hooper and all related exhibits), Defendant shall include in its filing all of the exhibits related to that deponent/affiant (for example, the deposition transcript of Ms. Hooper would include the transcript followed by all filed exhibits in alphabetical order).

- Defendant shall also submit a binder, using the same format described in the prior paragraph, a copy of its reply brief (Doc. No. 179) and any related exhibits.

- Plaintiff shall submit a binder, using the same format described in the preceding paragraphs, to contain a copy of its response in opposition to summary judgment (Doc. No. 166) and all exhibits filed in support.

> The filing shall be organized to include a copy of the motion followed by the exhibits (including declarations and deposition transcripts) as referenced in the response. The filing shall omit any placeholder exhibits and substitute hardcopies of the exhibits filed under seal or on the public docket. The submission shall also include tabs on each filing to contain a citation to the place where the filing can be located on the docket, as well as indication to how the filing is cited in the response.

- These courtesy paper copies will be utilized by the Court in addressing the motion for summary judgment, and will not otherwise be made public.

4. **Failure to comply with this Order will result in the imposition of sanctions.**

**DONE** and **ORDERED** in Orlando, Florida on May 6, 2024.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties