UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARISSA GIANNERINI,

    Plaintiff,

v.                                                            Case No. 6:22-cv-2075-RBD-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant.
_____

**ORDER**

Before the Court are the parties' unresolved deposition designation objections. (Doc. 260.)

The objections to designations of Brandon Young's deposition are resolved as follows:

| Page and Line of Objection | Ruling |
|---|---|
| 32:6–34:24 | Overruled |
| 39:1–6 | Overruled |

The objections to designations of Plaintiff's deposition are resolved as follows:

| Page and Line of Objection | Ruling |
|---|---|
| 90:6–14 | Overruled |
| 92:7–10 | Sustained |
| 92:17–96:9 | Sustained |
| 97:10–16 | Sustained |

| | |
|---|---|
| 100:20–22 | Sustained |
| 104:5–13 | Sustained |
| 129:14–25, 130:1–18 | Sustained |
| 140:18–141:4 | 140:18–21 – Overruled<br>140:22–141:4 – Sustained |
| 175:2–20 | Sustained |
| 175:21–176:12 | Overruled |
| 176:23–177:6 | Sustained |
| 199:6–9 | Overruled |

Concerning the line of questioning about Plaintiff's previous arrests (92:7–10, 92:17–96:9, 97:10–16, 100:20–22, 104:5–13): as the Court ruled in the limine Order, some information about her arrests is in play as it is relevant to Defendant's decisionmaking. (Doc. 265 (citing *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1262 (11th Cir. 2001)).) But the Court will not permit an overly deep dive into the circumstances surrounding arrests from more than a decade ago, as they are too temporally remote to provide much relevance, and the unnecessary detail is unduly prejudicial in the face of such marginal relevance. *See* Fed. R. Evid. 609(b) (evidence of conviction more than ten years old is admissible only if probative value substantially outweighs prejudice); *Sowers v. R.J. Reynolds Tobacco Co.*, No. 3:09 C 11829, 2015 WL 12839775, at *11 (M.D. Fla. Jan. 23, 2015), *aff'd*, 975 F.3d 1112 (11th Cir. 2020) (excluding evidence of long ago arrest as too remote to be relevant). At trial, questions in the nature of, "You've been arrested multiple times before, haven't you?" would be permissible, but the Court is not inclined to allow the level of detail elicited in the deposition. *See Bartley v. Chom Kim*, No. 6:10-cv-

1180, 2012 WL 13102304, at *1 (M.D. Fla. June 15, 2012) (parameters of questioning, "such as identification of the specific prior arrests," to be determined at trial in context). Subsequent questioning along this line from the deposition—such as the designations at 97:21–98:7 and 98:22–99:20—will also not be permitted to be played, consistent with this ruling. The parties should be prepared to proffer the relevant portions of the edited video outside the presence of the jury so the Court can ensure adherence to this ruling.

Similarly, concerning the line of questioning about Plaintiff's ex-boyfriend (175:2–20, 176:23–177:6): as the Court ruled in the limine Order, it will not prematurely cabin Defendant from generally referencing the fact that Plaintiff was having relationship troubles at the time of her firing. (Doc. 265.) But a deep dive into the abusive nature of the relationship is unduly prejudicial and irrelevant to the emotional distress Plaintiff alleges she suffered as a result of the termination. So the Court will not permit more detailed questioning on this point.

The objections to designations of Roxanne Giannerini's deposition need not be resolved as she is expected to appear at trial, so these objections are moot.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 30, 2025.



ROY B. DALTON, JR.
United States District Judge